[Cite as *State v. Rolland*, 2013-Ohio-2950.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 68 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| KEVIN ROLLAND, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas Court, Case No. 11 CR 629.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH 44503

For Defendant-Appellant:      Attorney Timothy Cunning
940 Windham Court, Suite 4
Boardman, OH 44512

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 25, 2013

DeGenaro, P.J.

{¶1}   Defendant-Appellant, Kevin Rolland, appeals the March 16, 2012, judgment of the Mahoning County Court of Common Pleas sentencing him on one count of aggravated vehicular homicide.  On appeal, Rolland first contends that R.C. 2901.08 is unconstitutional when used to enhance the penalties for violations of R.C. 2903.06.  Secondly, he asserts R.C. 2901.08 was not intended to apply to charges as serious as aggravated vehicular homicide.  Finally, Rolland argues that the trial court violated his due process rights by failing to comply with the allocution standards set forth in R.C. 2929.19(A) and 2929.19(B)(2) regarding the mandatory nature of the sentence and post-release control notification.

{¶2}   Upon review, Rolland's arguments are meritless.  While Rolland did not challenge the constitutionality of R.C. 2901.08 in the trial court, exercising our discretion to consider the merits in the interest of justice, we hold that the statute is constitutional.  However, Rolland's guilty plea does waive appellate review of his second assignment of error.  Finally, the record demonstrates Rolland was afforded his full allocution rights and was properly notified of the mandatory nature of his sentence and that he would be subject to post-release control.  Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3}   On May 11, 2011, Rolland was involved in a fatal automobile accident.  On June 16, 2011, Rolland was indicted by the Mahoning County Grand Jury on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) which was enhanced to a second-degree felony pursuant to subpart (B)(3).  The indictment alleged that Rolland "did, while operating or participating in the operation of a motor vehicle recklessly cause the death of Vera Gabrick and at the time of the commission of the offense, the said Kevin Rolland had been convicted of a prior traffic related homicide in the Mahoning County Juvenile Court, Case No. 97 JA 124, on or about May 27, 1997, in violation of Section 2903.06(A)(2)(a)(B)(3) of the Revised Code."  As a juvenile, Rolland had entered a plea of admission on April 8, 1997, in the Mahoning County Juvenile Court to vehicular homicide stemming from an automobile accident that took the lives of two victims on November 22, 1996.

{¶4} On January 10, 2012, Rolland pled guilty to one count of aggravated vehicular homicide. On March 16, 2012, Rolland was sentenced to a definite prison term of seven years, a lifetime driver's license suspension, and a mandatory term of three years of post-release control.

### Effect of Guilty Plea on Constitutional Challenge

{¶5} Because Roland's arguments relative to his first and second of four assignments of error are somewhat interrelated, we will address them together for clarity of analysis. Roland asserts:

{¶6} "R.C. 2901.08 is unconstitutional when used to enhance the penalties for violations of R.C. 2903.06 because it violates the prohibition against cruel and unusual punishment."

{¶7} "R.C. 2901.08 was never intended to apply to charges as serious as aggravated vehicular homicide."

{¶8} As a preliminary matter, the State argues that because trial counsel did not raise either issue in the trial court, Rolland has waived both of these errors on appeal for different reasons. With respect to Rolland's constitutional challenge, "the failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986) at syllabus. However, the waiver doctrine discussed in *Awan* is discretionary; a "court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988): *State v. Adams*, 7th Dist. No. 12 MA 26, 2013-Ohio-1433, ¶16.

{¶9} Further, in *State v. Wilson,* 58 Ohio St.2d 52, 55, 388 N.E.2d 745 (1979), the Ohio Supreme Court held that "those constitutional violations which go to the ability of the state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea." The Court quoted the United States Supreme Court holding from *Menna v. New York*,

423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) as part of its analysis:

> "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974). 2 * * * " [*Menna*], 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195.
> * * *
> Thus, the United States Supreme Court distinguished constitutional violations which go to factual guilt from constitutional violations which pertain to the validity of the statute relied upon by the state to convict the defendant. Therefore, those constitutional violations which go to the ability of the state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea.

*Wilson,* *54-55

{¶10} Pursuant to *Menna* and *Wilson,* a constitutional challenge to R.C. 2901.08 survives waiver by a guilty plea because its application to R.C. 2903.06 enables the State to charge and convict a defendant with two distinct offenses outlined in the same statute; one a third degree felony and the other a second degree felony. In this case, should R.C. 2901.08 be deemed unconstitutional, Rolland's conviction pursuant to R.C.2903.06(A)(2)(a)(B)(3) must be vacated. Despite the fact that trial counsel raised neither of these challenges, in the interest of justice, pursuant to *In re M.D., Menna* and *Wilson* we will consider Rolland's constitutional challenge.

{¶11} As to Rolland's second assignment of error, challenging the applicability of R.C. 2901.08 to enhance the offense and penalty, the State contends that Rolland's guilty plea waives all error except those challenging the voluntariness of the plea. The State is correct. Because this assigned error does not raise a constitutional challenge nor does it argue plain error, Rolland's guilty plea waives appellate review of this argument.

Accordingly, Rolland's second assignment of error is meritless.

## Constitutionality of Juvenile Offenses as Enhancements

{¶12} Turning to the merits of his first assignment of error, Rolland argues that R.C. 2901.08 is unconstitutional when a vehicular homicide, manslaughter or assault offense committed as a juvenile is used to enhance a sentence imposed as an adult, for a vehicular homicide, manslaughter or assault offense in violation of R.C. 2903.06. He contends it constitutes cruel and unusual punishment pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005); *Graham v. Florida*, 130 S.Ct. 2011 (2010); and *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

{¶13} R.C. 2901.08 provides:

(A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, except as provided in division (B) of this section, the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.

{¶14} The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Ohio Supreme Court has stated that cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person, and furthermore that the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community. *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E .2d 1073, citing *State v. Weitbrecht,* 86 Ohio St.3d 368, 371, 1999-Ohio-113, 715 N.E.2d 167**,** quoting *McDougle v. Maxwell,* 1 Ohio St.2d 68, 70, 203

N.E.2d 334 (1964). "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle,* 1 Ohio St.2d at 69, citing *Martin v. United States*, 317 F.2d 753 (9th Cir. 1963); *Perpendrea v. United States*, 275 F.2d 325 (9th Cir. 1960); *United States v. Rosenberg*, 195 F.2d 583 (2d Cir. 1952).

{¶15} *Roper, Graham* and *Miller* are inapplicable. These cases apply only to juvenile offenders, and prohibit the imposition of a death sentence or life without the possibility of parole for homicide or nonhomicide offenses, when committed by a juvenile. Here, Rolland was not a juvenile at the time he committed the instant aggravated vehicular homicide offense. A prior juvenile adjudication for aggravated vehicular homicide–which resulted in the death of two victims–was a statutorily mandated enhancement of the penalty imposed for Rolland's second aggravated vehicular homicide offense. Nothing in *Roper, Graham* and *Miller* suggests an extension of their holdings to adult offenders, especially where neither a death sentence, nor life without the possibility of parole, has been imposed.

{¶16} Nor is Rolland's sentence otherwise contrary to the prohibition against cruel and unusual punishment by the manner in which R.C. 2901.08 enhances the sentence imposed pursuant to R.C.2903.06. Had Rolland's offense remained a third degree felony, the sentencing range would be 12 to 60 months. Because of the enhancement, the offense was elevated to a second degree felony, with a sentencing range of two to eight years. The trial court sentenced Rolland to seven years. Rolland's sentence was within the statutory range. Further, even with the enhancement elevation, it cannot be said that the penalty of seven years is greatly disproportionate to the offense. As noted by the trial court at sentencing, in addition to this being Rolland's second aggravated vehicular homicide which resulted in a total of three deaths, between these two offenses were eight speeding convictions and a reckless operation conviction in 2000. The trial court also characterized the vehicle Rolland was driving as a 'loaded gun' given estimates of his rate of speed on the day of the collision ranging from 60-70 mph to 90-100 mph. Accordingly, Rolland's first assignment of error, that the use of R.C. 2901.08 to enhance his sentence

violated the Eighth Amendment, is meritless.

## Allocution

**{¶17}** In his third assignment of error, Rolland asserts:

**{¶18}** "Appellant's due process rights were violated because the trial court failed to comply with the standard set forth in R.C. 2929.19(A)."

**{¶19}** R.C. 2929.19(A) provides:

(A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender

**{¶20}** Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. Crim.R. 32(A)(1) applies to capital cases and noncapital cases. *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358, 1372-1373 (1998).

**{¶21}** Rolland argues that the trial court failed to specifically ask him whether he had anything to say as to why the sentence should not be imposed. The State counters that Rolland was afforded his full right to allocution. The record supports the State's position.

**{¶22}** At the March 16, 2012, hearing Rolland was represented by counsel who

addressed the court at length prior to imposition of sentence, including thanking the court for "this time of allocation of my client."  At the conclusion of this statement to the trial court, counsel commented, "and I know Kevin wants to say a few words."  The Court stated, "Thank you. Mr. Rolland." *Id.*  Immediately thereafter, Rolland acknowledged the court by stating, 'Thank you, Your Honor."  He continued by addressing the court and the victim's family.  *Id.*  He expressed his sorrow, accepted responsibility for his actions, and outlined steps he took to cooperate with law enforcement to resolve the case without a trial.  At the end of his allocution, the trial court thanked Rolland, and during its sentencing colloquy, incorporated comments made by Rolland, including acknowledging Rolland's acceptance of responsibility.  This demonstrates Rolland was afforded an opportunity to address the court, and indeed utilized it prior to the imposition of sentence.  Accordingly, Rolland's third assignment of error is meritless.

### Mandatory Prison Sentence – Post-Release Control

**{¶23}**  In his fourth and final assignment of error, Rolland asserts:

**{¶24}**  "Appellant's due process rights were violated because the trial court failed to comply with the standard set forth in R.C. 2929.19(B)(2)."

**{¶25}**  Rolland argues the trial court violated his due process rights by failing to: 1) notify him that the prison term was mandatory; 2) include in the sentencing entry that the sentence was mandatory; and 3) notify him that he would be subject to post-release control pursuant to R.C. 2967.28.  We will address these arguments in turn.  R.C. 2929.19(B)(2) provides in relevant, excerpted part:

> (B)(2) if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> (a) Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term;
>
> (b) In addition to any other information, include in the sentencing entry the

name and section reference to the offense or offenses, the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms * * *

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *

**{¶26}** The record demonstrates the trial court informed Rolland at the sentencing hearing that the prison term was mandatory. '[W]hatever sentence I impose, Mr. Rolland is not eligible, was not eligible, would not be eligible, for probation or community control or judicial release, and that on this day he would be going to prison and it would be strictly a question of what term would be imposed." The trial court continued "we're looking at the sentence that can be imposed here and the mandatory nature of the sentence * * *" Further, counsel for Rolland specifically acknowledged "But he is facing mandatory jail time. So my client is facing mandatory jail time." Although trial counsel mischaracterized it as jail rather than prison time, the mandatory nature of Rolland's incarceration was clear. Moreover, trial counsel also acknowledged that Rolland was ineligible for judicial release; that the stated term of incarceration would be served by Rolland in its entirety.

**{¶27}** However, a review of the Judgment Entry does support Rolland's contention that the trial court did not include the word 'mandatory' with the stated prison term. In *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450, the defendant argued that since his sentencing entry did not include the word "mandatory" in conjunction with the prison term, his sentence was void. *Id.* at ¶10. The Ninth District held that Jones's conviction carried a mandatory prison term and the sentences were within the statutory ranges provided by R.C. 2929.14(A), and absent authority to the contrary, the omission of the term "mandatory" did not render his sentence void. *Id.* The same is true in the present case. Rolland's conviction pursuant to R.C. 2903.06(A)(2) imposed a mandatory prison term, and he was made aware of this at the sentencing hearing.

**{¶28}** Lastly, Rolland was notified at the sentencing hearing and in the March 16,

2012 judgment entry that he must be placed on post release control for three years. The trial court further outlined the penalties for violating post-release control and the ramifications of being charged with a new felony. For all these reasons, Rolland's fourth assignment of error is meritless.

{¶29} In conclusion, Rolland's arguments are meritless. While Rolland did not challenge the constitutionality of R.C. 2901.08 in the trial court, exercising our discretion to consider the merits in the interest of justice, we hold that the statute is constitutional. However, Rolland's guilty plea does waive appellate review of his second assignment of error. Finally, the record demonstrates Rolland was afforded his full allocution rights and was properly notified of the mandatory nature of his sentence and that he would be subject to post-release control. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.

APPROVED:

_____

JUDGE MARY DeGENARO