[Cite as *State v. Rupert*, **2017-Ohio-8121.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-018

      Appellee                             Trial Court No. 2014CR0532

v.

Travis Rupert                                    **DECISION AND JUDGMENT**

      Appellant                            Decided:  October 6, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Travis Rupert, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a timely, accelerated appeal from a March 1, 2017 judgment of the

Wood County Court of Common Pleas, denying pro se appellant's motion for

resentencing. Appellant, Travis Rupert, was originally sentenced on June 10, 2015, to a

six-year term of incarceration following appellant's conviction on one count of burglary.

The court ordered the sentence to be served concurrently with a sentence appellant was

serving on an unrelated felony conviction in Franklin County, Ohio. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On December 18, 2014, appellant was charged with one count of burglary. On June 10, 2015, appellant entered a voluntary plea. On February 2, 2017, appellant filed a motion for resentencing. In support, appellant maintained that the trial court's sentence was improper on the basis that it diverged from the state's sentencing recommendation. The trial court correctly noted that it is not bound by sentencing recommendations. On March 1, 2017, the motion was denied.

{¶ 3} On March 31, 2017, appellant filed the instant appeal. On May 4, 2017, this court placed appellant's case on the accelerated calendar. On appeal, pro se appellant, Travis Rupert, sets forth the following two assignments of error:

1. The trial court failed to substantially comply with Criminal Rule 11 by improperly advising Defendant-Appellant that the court was not bound by any agreements that may have been part of a recommendation.

2. The trial court errored [sic] in accepting Defendant-Appellant's inability to understand the sentence range and legal rights he was waiving when he pleaded guilty.

{¶ 4} We note at the outset that there was no direct appeal filed in this case following the underlying June 10, 2015 trial court sentencing judgment. Rather, the claims set forth in this appeal arise from the denial of appellant's February 2, 2017 motion for resentencing. It is well-established that an appellant is barred from raising

2.

claims against a final judgment that have been raised, or could have been raised, on direct appeal. *State v. Colvin*, 7th Dist. Mahoning No. 15-MA-162, 2016-Ohio-5644, ¶ 45.

{¶ 5} In addition, we further note that appellant did not submit the transcripts relating to this case as mandated by App.R. 9(B).

{¶ 6} In both assignments of error, appellant asserts that the trial court failed to comply with Crim.R. 11 because it imposed a sentence inconsistent with the state's sentencing recommendation. Such claims are barred by res judicata as they could have been raised on direct appeal.

{¶ 7} In addition to the applicability of res judicata, an appellant filing a case with the appellate court bears the burden of providing the transcripts of proceedings and any other materials allegedly supporting the claims. *State v. Williams*, 73 Ohio St.3d 162, 163, 652 N.E.2d 721 (1995). The record reflects that appellant failed to do so in this case.

{¶ 8} Based upon the foregoing, we find that appellant's claims in this matter are barred by res judicata as they could have been raised on direct appeal. We further find that appellant has not complied with App.R. 9(B). Wherefore, we find appellant's assignments of error to be not well-taken.

{¶ 9} On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, costs of the appeal are assessed to appellant.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                   JUDGE

Thomas J. Osowik, J.

                         _____
James D. Jensen, P.J.                                    JUDGE
CONCUR.

                         _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

4.