OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Jamar Owens, appeals the decision of the Jefferson County Court of Common Pleas convicting him of one count of drug trafficking, a felony of the fifth degree; one count of possession of drugs, a felony of the first degree; one count of tampering with evidence, a felony of the third degree; one count of drug trafficking with a school specification, a felony of the fourth degree; one count of drug trafficking with a school specification, forfeiture specification, and gun specification, a felony of the fourth degree; and, two counts of having a weapon while under a disability, felonies of the third degree; and sentencing him to twelve years in prison.
 {¶ 2} With this appeal, Owens challenges the constitutionality of the imposition of maximum and consecutive prison terms after the decision inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856. However, as the sentence of which Owens complains was a jointly recommended sentence, this court need not address that issue. The decision of the trial court is affirmed as the twelve year sentence imposed by the trial court was authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and was imposed by a sentencing judge.
 {¶ 3} On March 23, 2006 Owens pled guilty to seven counts of drug and weapon related offenses. He was then sentenced to a jointly recommended prison term of twelve years on March 28, 2006.
 {¶ 4} As his sole assignment of error, Owens claims:
 {¶ 5} "The imposition of maximum and consecutive prison terms violated Owen's due process rights."
 {¶ 6} With this assignment Owens claims that the remedy handed down inState v. Foster, 109 Ohio St. 1, 2006-Ohio-856, violates both the Ex Post Facto Clause and the Due Process Clause of the United States Constitution as it eliminates the presumptions of concurrent, minimum terms that existed at the time of the instant offenses. However, this court need not address these arguments, as the sentence of which Owens complains was a jointly recommended sentence.
 {¶ 7} R.C. 2953.08(D)(1), which governs the appealability of jointly recommended *Page 2 
sentences, provides: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Under this section, "authorized by law" means that the sentence imposed falls within the statutorily set range of available sentences, or, in other words, the sentence imposed does not exceed the maximum term prescribed by the statute for the offense. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-0805, at ¶ 10. With respect to appellate review of agreed-upon sentences, the Court opined in State v. Porterfield, 106 Ohio St.3d 5,10, 2005-Ohio-3095, at ¶ 25, that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."
 {¶ 8} Furthermore, this court has found that the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. State v. Caporini 7th Dist. No. 05JE32,2006-Ohio-3095. In Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. In doing so, the Court severed the offending portions of the sentencing statutes, and retained those portions that do not violate the constitution. Id. at ¶ 96. The Court then held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Moreover, the Court recognized that "there is no mandate for judicial fact-finding in the general guidance statutes[,]" i.e. R.C. 2929.11 and 2929.12. Id. at ¶ 42. Instead, the court is merely to `consider' the statutory factors. Id.
 {¶ 9} In the present case, the court imposed a twelve year sentence which included the maximum sentence of ten years for the first degree felony which was to run *Page 3 
consecutive to the two year sentence imposed for the fourth degree felony drug trafficking charge which included a gun specification. The statutory sentencing range available for the first degree felony was three to ten years. R.C. 2929.14(A)(1). The statutory range for the fourth degree felony was six to eighteen months. R.C. 2929.14(A)(4). And the gun specification carried a penalty of one year. R.C. 2929.14(D)(1)(a)(iii).
 {¶ 10} The trial court also sentenced Owens to three years on each of the third degree felonies to be served concurrent to the twelve year sentence. The statutory range for these crimes was one to five years. R.C. 2929.14(A)(3). The trial court then imposed a one year sentence for the remaining fourth and fifth degree felonies also to run concurrent to the twelve year sentence. The maximum statutory sentence for those crimes was eighteen months and twelve months respectively. R.C. 2929.14(A)(4) and (5).
 {¶ 11} Because Owens' sentences fall within the permissible statutory range for his offenses, they are not contrary to law. Similarly, the court's imposition of consecutive sentences is not contrary to law because, pursuant to the Ohio Supreme Court's holding inFoster, trial courts possess the discretion to impose consecutive prison terms without any judicial fact finding. Id. at ¶ 96 and ¶ 99. Accordingly, Owens' sole assignment of error is without merit and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1