[Cite as *State v. Burnside*, 2010-Ohio-3158.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| STATE OF OHIO | ) | CASE NO. 09 MA 179 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN O. BURNSIDE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Mahoning County,
                                 Ohio
                                 Case No. 1984 CR 652

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant:         John O. Burnside, Pro se
                                 #17973-004
                                 U.S.P. Allenwood
                                 U.S. Penitentiary
                                 P.O. Box 3000
                                 White Deer, PA 17887-3000

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  June 30, 2010

WAITE, J.

**{¶1}**  Pro se Appellant John O. Burnside is appealing the denial of a Crim.R. 32.1 postsentence motion to withdraw his guilty plea in Mahoning County Court of Common Pleas Case No. 84 CR 652.  The record indicates that Appellant pleaded guilty to and was convicted of felonious assault, with a gun specification, on November 1, 1984.  The court sentenced him to an indeterminate sentence of four to fifteen years in prison.  He was paroled on September 19, 1988.

**{¶2}**  Appellant is arguing on appeal that the trial court should have allowed him to withdraw his plea due to a defect in the indictment.  It is evident from the record that Appellant's motion to withdraw his plea is res judicata because of a previously failed attempt to withdraw his plea that was denied by the trial court in 2001 and affirmed on appeal to this Court in 2002.  *State v. Burnside*, 7th Dist. Nos. 01-CA-215, 01-CA-216, 2002-Ohio-5216.  It is also clear that the defect in the indictment was waived when Appellant entered the guilty plea in the first place, and thus, cannot be the basis of relief on appeal.  Appellant's arguments are overruled and the judgment of the trial court is affirmed.

**{¶3}**  A defendant who files a postsentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice.  Crim.R. 32.1; *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.  Consideration of the motion is "addressed to the sound discretion of the trial court."  Id. at paragraph two of the syllabus.  An appellate court reviews the trial court's

denial of a postsentence motion to withdraw a plea under an abuse of discretion standard. Id.

{¶4} Appellant's arguments constitute res judicata based on a prior petition he filed with the trial court that was in essence a motion to vacate his plea in Mahoning County Common Pleas Case No. 84 CR 652. The petition was labeled as a petition for writ of coram nobis (which is a nullity in Ohio), but the actual purpose of the motion was to vacate his plea. *Burnside*, supra, at ¶11. The trial court denied the petition, and the trial court's ruling was affirmed on appeal to this Court. Id.

{¶5} The doctrine of res judicata applies to the second and all successive postsentence motions to withdraw a plea under Crim.R. 32.1, whether the original motion is properly labeled as a Crim.R. 32.1 motion or not. See *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421 (holding that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod*, 5th Dist. No.2004 AP 03 0017, 2004-Ohio-6199 (res judicata barred appeal of a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent*, 4th Dist. No. 03CA2713, 2003-Ohio-3998; *State v. Reynolds*, 3d Dist. No. 12-01-11, 2002-Ohio-2823; *State v. Jackson* (Mar. 31, 2000), 11th Dist. No. 98-T-0182. "Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or

motion to withdraw a guilty plea." *State v. Kent,* 4th Dist. No. 02CA21, 2003-Ohio-6156, ¶6.

**{¶6}** In addition, Appellant has previously waived the issue he is attempting to raise on appeal. Appellant's motion to withdraw his plea, filed with the trial court on August 5, 2009, argued that he should be permitted to withdraw his guilty plea due to a defect in the original indictment. He argued that the indictment did not have a proper page signed by the grand jury foreman stating that the indictment was a "true bill". Presumably, Appellant is referring to the requirements of R.C. 2939.20, which states: "At least twelve of the grand jurors must concur in the finding of an indictment. When so found, the foreman shall indorse on such indictment the words 'A true bill' and subscribe his name as foreman."

**{¶7}** Appellant waived this argument when he entered his guilty plea: "[B]y entering a guilty plea, a defendant waives all non-jurisdictional defects with the indictment." *State v. Kovach*, 7th Dist. No. 08-MA-125, 2009-Ohio-2892, ¶41. The Ohio Supreme Court has specifically held that, "a grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus." *VanBuskirk v. Wingard* (1998), 80 Ohio St.3d 659, 660, 687 N.E.2d 776. The error raised by Appellant does not present a jurisdictional issue, and therefore, is waived for purposes of appeal.

**{¶8}** Therefore, based on principles of res judicata and waiver, Appellant's arguments are overruled and the judgment of the trial court overruling the motion to withdraw his guilty plea is affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.