[Cite as *State v. Owens*, 2011-Ohio-1175.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 JE 5 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JEMAR OWENS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 06 CR 12.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Thomas Straus
                                   Prosecuting Attorney
                                   Jefferson County Justice Center
                                   16001 State Route 7
                                   Steubenville, OH  43952

For Defendant-Appellant:           Jemar Owens, Pro-se
                                   #A502-702
                                   Ross Correctional Institution
                                   16149 State Route 104
                                   P.O. Box 7010
                                   Chillicothe, OH  45601

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

                                   Dated: February 17, 2011

DeGenaro, J.

{¶1} Pro-se appellant, Jemar Owens, appeals the February 12, 2010 decision of the Jefferson County Court of Common Pleas that overruled Owens's January 28, 2010 motion for post-conviction relief and/or motion to withdraw guilty plea. On appeal, Owens argues that his March 23, 2006 guilty plea and/or his sentence, imposed on March 28, 2006, should have been vacated because the State lost or destroyed a recording containing exculpatory evidence.

{¶2} The recording did not contain any evidence exculpating Owens from any of the charged offenses, as it was merely a discussion between Owens and his trial counsel, allegedly regarding counsel's failure to have used certain already known evidence to negotiate a more favorable plea agreement. Further, all other claims raised by Owens in this motion were already raised and rejected in Owens's September 11, 2006 motion to withdraw guilty plea, and are thus barred by res judicata. Accordingly, the trial court's decision to overrule Owens's motion is affirmed.

## Facts and Procedural History

{¶3} On March 23, 2006 Owens pleaded guilty to one count of drug trafficking one count of possession of drugs; one count of tampering with evidence; two counts of drug trafficking with a school specification; forfeiture and gun specifications; and two counts of having a weapon while under a disability. The State proposed a joint sentencing recommendation of twelve years, defense counsel affirmed the accuracy of the State's proposal, and Owens stated that he understood and agreed to the joint sentencing recommendation.

{¶4} Before the trial court accepted Owens's plea, the trial court entered into a lengthy colloquy with Owens. During the colloquy, Owens confirmed that he was not promised anything other than the agreed recommendation in exchange for his plea. Owens confirmed the following regarding defense counsel:

{¶5} "THE COURT: * * * Has your attorney done all the things that you asked him to do so far?

{¶6} "THE DEFENDANT: Yes, sir.

{¶7} "THE COURT: Is there anything that you would like him to do or you think ought to be done that's not yet done like talk to a witness, file some motion, make some argument, anything at all?

{¶8} "THE DEFENDANT: No, sir.

{¶9} "THE COURT: Is there anything he's done that you wish he'd done differently?

{¶10} "THE DEFENDANT: No, sir.

{¶11} "THE COURT: Is it fair to say that you are satisfied with the representation so far?

{¶12} "THE DEFENDANT: Yes, sir.

{¶13} "THE COURT: Are there any questions that you have about anything we're doing here?

{¶14} "THE DEFENDANT: No, sir."

{¶15} Upon accepting Owens's guilty plea, the trial court proceeded to sentencing. During the forfeiture portion of the sentencing discussion, Owens confirmed that Dejuan Kaufman was his girlfriend, that they lived together, that he had purchased a particular vehicle in Kaufman's name, and that Kaufman was not aware that Owens had used that vehicle to commit his offenses. On March 28, 2006, the trial court followed the parties' agreed recommendation of sentence, and imposed the jointly-recommended sentence of twelve years.

{¶16} On September 11, 2006, Owens filed a pro-se motion to withdraw his plea, in which he argued that counsel was ineffective, failed to tell Owens that Dejuan Kaufman had made a statement exculpating Owens from the offenses, and tricked Owens into pleading guilty. Owens further alleged that counsel did not file a motion to suppress, as requested by Owens, when certain DNA testing results for the weapons did not positively identify Owens. Owens attached an affidavit from Dejuan Kaufman, who averred that she had submitted an affidavit to Owens's attorney in February or March of 2006, averring that she had been responsible for all of the crimes charged against Owens, and that she had provided the same information to the prosecution.

{¶17}  Owens briefly retained counsel, who withdrew prior to the hearing on the motion.  Owens appeared pro-se at the November 6, 2006 hearing.  Owens claimed that trial counsel had concealed the original Kaufman affidavit from Owens, and that Owens only recently became aware of it through current counsel.  The State presented a letter from Owens to Kaufman, postmarked July 3, 2006, requesting that Kaufman retrieve a copy of her March 2006 affidavit from trial counsel.  Kaufman testified that she had communicated with Owens on the telephone approximately 30 times since March of 2006, and that she had helped retain and pay for counsel's services.

{¶18}  Owens otherwise argued that trial counsel forced him to plead guilty by stating that his sentence would be at least 30 years if the case went to trial.  Owens claimed that the State prosecutor directly told him that they knew someone else committed the crime, and that the State continued with the case because the detective on the case was the prosecutor's boyfriend.  On November 8, 2006, the trial court overruled Owens's motion to withdraw his plea, finding that all of Owens's factual claims lacked credibility, and that Owens's plea was not the result of counsel's deception or coercion.

{¶19}  On January 5, 2007 and again on March 26, 2007, Owens filed a Motion to Preserve Evidence, requesting a copy of the recorded December 6, 2006 telephone conversation between Owens and his then attorney.  On April 19, 2007, the trial court sustained Owens's motion, and ordered the Trumbull Correctional Institution to preserve the recording, and to deliver a copy of the recording to Owens.

{¶20}  This Court accepted Owens's delayed appeal of the November 8, 2006 judgment entry.  *State v. Owens*, 7th Dist. No. 06 JE 50, 2008-Ohio-3071.  Although the trial court's November 8 judgment entry only overruled Owens's motion to withdraw his plea, this Court also allowed Owen to address the March 28, 2006 sentencing decision of the trial court, as Owens's only assignment of error raised a *Foster* argument. This Court affirmed, concluding that Owens's sentence was jointly recommended and not contrary to law.

{¶21}  On January 28, 2010, Owens filed a motion entitled Post-Conviction Relief, alternatively seeking resentencing or withdrawal of his guilty plea.  In his brief in support,

Owens argued that his trial counsel was ineffective and unprepared, coerced Owens's plea despite his innocence, caused his guilty plea to be less than knowing, voluntary and intelligent, and failed to present mitigation evidence at sentencing.

**{¶22}** Owens attached a letter, personally addressing the trial court, wherein he claims that counsel failed to make use of crucial evidence, namely the inconclusive DNA results from the weapons, and the affidavit by Dejuan Kaufman claiming that Owen had no knowledge of or association with the drugs or weapons at issue in the offenses charged. Owens claims that counsel failed to make Owens aware of the Kaufman affidavit. Owens's letter further claims that the December 6, 2006 phone recording of the telephone conversation between Owens and counsel would have revealed that counsel stated that he had never agreed to the supposed twelve-year plea agreement, and that he had failed to show the State the DNA evidence or the Kaufman affidavit in order to negotiate a lower sentence for a plea deal. Owens goes on to claim that the trial court lost the copy of the telephone recording, and that the original recording had been discarded.

**{¶23}** Owens also attached a copy of Kaufman's March 9, 2006 affidavit, which averred that she had handled and transported all of the weapons and drugs at issue in Owens's case, and that Owens had not been involved. Finally, Owens also attached a copy of a June 26, 2007 letter from the Ohio Department of Rehabilitation and Correction, informing Owens that they had forwarded two copies of the recording to the trial court's office.

**{¶24}** On February 12, 2010, the trial court overruled Owens's motion, finding that the record did not reflect that the recordings had been received or lost by the trial court. The trial court further noted that Owens's allegations of counsel's misfeasance or malfeasance were, as before, unfounded. Owens filed a pro-se notice of appeal. The State did not file an appellate brief. Therefore, pursuant to App.R. 18(C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**Successive Motion to Vacate Guilty Plea and Sentence**

{¶25} Owens does not appear to have identified any assignments of error in his appeal. The overall error alleged appears to be that the trial court erroneously overruled Owens's request to vacate his plea and sentence.

{¶26} Because Owens argued that his plea was not voluntary, knowing or intelligent, and requested that the trial court vacate his plea, his January 28, 2010 motion comes closest to constituting a post-sentence motion to withdraw a guilty plea. Subsequent to the imposition of a sentence, a trial court will only permit a defendant to withdraw his guilty plea in order to correct a manifest injustice. Crim.R. 32.1. A defendant bears the burden of proving a manifest injustice warranting the withdrawal of his guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. Consideration of the motion is "addressed to the sound discretion of the trial court." Id. at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's denial of a post-sentence motion to withdraw a plea under an abuse of discretion standard. Id. An abuse of discretion is more than error of law or judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St .2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶27} In support of his contention that his guilty plea should have been vacated, Owens's main argument seems to focus on the alleged unavailability of the telephone recording of the conversation between Owens and trial counsel. Owens appears to argue that the State had the burden of proving that the recording, requested by Owens on January 5, 2007, did not contain exculpatory evidence, because the State was responsible for the loss or destruction of the recording. Owens further claims that his averments as to the contents of that recording must be accepted as true, again due to the State's loss or destruction of the recording. In support, Owens cites *State v. Benton* (2000), 136 Ohio App.3d 801, 737 N.E.2d 1046.

{¶28} In *Benton*, during the pretrial portion of the appellant's DUI proceedings, he requested a copy of a recording of the traffic stop, which was in the State's possession.

Id. at 804. The State, not acting in good faith, failed to respond to the appellant's request, and destroyed the recording. Id. at 806. The Sixth District held that the State failed to demonstrate that the evidence was not exculpatory, that the recording was the only possible objective evidence of the traffic stop, and thus the appellant's due process rights were violated. Id. The court explained that the Due Process Clause protects a defendant from being convicted of an offense where the State destroys or fails to preserve materially exculpatory evidence in bad faith. Id. at 805, following *Columbus v. Forest* (1987) 36 Ohio App.3d 169, 522 N.E.2d 52. However, this Court has stressed that the onus is on the State to prove the exculpatory value of certain evidence if and only if the defendant demonstrates that the State acted in bad faith in losing or destroying the evidence. *State v. Wolf*, 154 Ohio App.3d 293, 2003-Ohio-4885, 797 N.E.2d 109, at ¶12-15.

{¶29} Because Owens made no claim of bad faith in any of his motions, for this reason alone Owens's argument must fail. Further, *Benton* and similar cases do not apply here. The recording requested by Owens was of a conversation between Owens and his attorney that occurred months after his change of plea and the trial court's judgment entry of sentence. The evidence alleged by Owens to be in the recording is a statement by his trial counsel that counsel did not take certain actions to negotiate a more favorable plea agreement, and that counsel had not agreed to a twelve-year sentencing recommendation. None of this information constitutes evidence that would exculpate Owens from any of the drug and firearm offenses that were charged against him. Because the recording alleged to have been lost or destroyed does not constitute evidence that would have been materially exculpatory to Owens's case, Owens has not demonstrated a due process violation.

{¶30} Moreover, even taking Owens's allegations regarding counsel's recorded statements to be true, all of the underlying facts and content of Owens's argument, regarding the ineffective assistance of counsel and resulting invalid plea, had already been raised in Owens's September 11, 2006 Motion to Withdraw Plea, and rejected by the trial court and this court on appeal. The doctrine of res judicata applies to successive post-sentence motions to withdraw a plea under Crim.R. 32.1. *State v. Burnside*, 7th

Dist. No. 09 MA 179, 2010-Ohio-3158, at ¶5. Accordingly, Owens's current argument that counsel undermined the validity of Owens's plea by withholding information and not taking certain actions during plea negotiations is barred by res judicata.

**{¶31}** Owens did not demonstrate a manifest injustice necessitating the vacation of his March 23, 2006 guilty plea. Further, Owens's argument is barred by res judicata. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.