[Cite as *State v. Owens*, 2013-Ohio-5639.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )
    PLAINTIFF-APPELLEE,                 )
                                        )          CASE NO. 12 JE 21
V.                                      )
                                        )          OPINION
JAMAR OWENS,                            )
                                        )
    DEFENDANT-APPELLANT.                )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 06CR12 |
| JUDGMENT: | Affirmed |
| APPEARANCES: | |
| For Plaintiff-Appellee | Jane Hanlin Prosecutor 16001 S.R. 7 Steubenville, Ohio 43952 |
| For Defendant-Appellant | Jamar Owens, Pro Se #502-702 P.O. Box 57 Marion, Ohio 44301 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 16, 2013

DONOFRIO, J.

**{¶1}** Defendant-appellant Jamar Owens appeals the decision of the Jefferson County Common Pleas Court overruling his motion to vacate his sentence.[1]

**{¶2}** On March 23, 2006, Owens pleaded guilty to numerous felony charges including drug possession, tampering with evidence, two counts of possession of a weapon while under disability, and three counts of drug trafficking.

**{¶3}** The State proposed a joint sentencing recommendation of twelve years, defense counsel affirmed the accuracy of the State's proposal, and Owens stated that he understood and agreed to the joint sentencing recommendation.

**{¶4}** Before the trial court accepted Owens's plea, the trial court entered into a lengthy colloquy with Owens. During the colloquy, Owens confirmed that he was not promised anything other than the agreed recommendation in exchange for his plea.

**{¶5}** Upon accepting Owens's guilty plea, the trial court proceeded to sentencing. During the forfeiture portion of the sentencing discussion, Owens confirmed that Dejuan Kaufman was his girlfriend, that they lived together, that he had purchased a particular vehicle in Kaufman's name, and that Kaufman was not aware that Owens had used that vehicle to commit his offenses. On March 28, 2006, the trial court followed the parties' agreed recommendation of sentence, and imposed the jointly-recommended sentence of twelve years.

**{¶6}** On September 11, 2006, Owens filed a pro-se motion to withdraw his plea, in which he argued that counsel was ineffective, failed to tell Owens that Dejuan Kaufman had made a statement exculpating Owens from the offenses, and tricked Owens into pleading guilty. Owens further alleged that counsel did not file a motion to suppress, as requested by Owens, when certain DNA testing results for the weapons did not positively identify Owens. Owens attached an affidavit from Dejuan Kaufman, who averred that she had submitted an affidavit to Owens's attorney in February or March of 2006, averring that she had been responsible for all of the crimes charged

---

1. The facts and procedural history of this case are borrowed in part and, at times, verbatim from this court's previous decisions regarding this case in *State v. Owens*, 7th Dist. No. 06 JE 50, 2008-Ohio-3071 and *State v. Owens*, 7th Dist. 10 JE 5, 2011-Ohio-1175.

against Owens, and that she had provided the same information to the prosecution.

{¶7} Owens briefly retained counsel, who withdrew prior to the hearing on the motion. Owens appeared pro-se at the November 6, 2006 hearing. Owens claimed that trial counsel had concealed the original Kaufman affidavit from Owens, and that Owens only recently became aware of it through current counsel. The State presented a letter from Owens to Kaufman, postmarked July 3, 2006, requesting that Kaufman retrieve a copy of her March 2006 affidavit from trial counsel. Kaufman testified that she had communicated with Owens on the telephone approximately 30 times since March of 2006, and that she had helped retain and pay for counsel's services.

{¶8} Owens otherwise argued that trial counsel forced him to plead guilty by stating that his sentence would be at least 30 years if the case went to trial. Owens claimed that the State prosecutor directly told him that they knew someone else committed the crime, and that the State continued with the case because the detective on the case was the prosecutor's boyfriend. On November 8, 2006, the trial court overruled Owens's motion to withdraw his plea, finding that all of Owens's factual claims lacked credibility, and that Owens's plea was not the result of counsel's deception or coercion.

{¶9} On January 5, 2007 and again on March 26, 2007, Owens filed a Motion to Preserve Evidence, requesting a copy of the recorded December 6, 2006 telephone conversation between Owens and his then attorney. On April 19, 2007, the trial court sustained Owens's motion, and ordered the Trumbull Correctional Institution to preserve the recording, and to deliver a copy of the recording to Owens.

{¶10} This Court accepted Owens's delayed appeal of the November 8, 2006 judgment entry. *State v. Owens,* 7th Dist. No. 06 JE 50, 2008-Ohio-3071. Although the trial court's November 8 judgment entry only overruled Owens's motion to withdraw his plea, this Court also allowed Owens to address the March 28, 2006 sentencing decision of the trial court, as Owens's only assignment of error raised a *Foster* argument. This Court affirmed, concluding that Owens's sentence was jointly

recommended and not contrary to law.

{¶11} On January 28, 2010, Owens filed a motion entitled Post-Conviction Relief, alternatively seeking resentencing or withdrawal of his guilty plea. In his brief in support, Owens argued that his trial counsel was ineffective and unprepared, coerced Owens's plea despite his innocence, caused his guilty plea to be less than knowing, voluntary and intelligent, and failed to present mitigation evidence at sentencing.

{¶12} Owens attached a letter, personally addressing the trial court, wherein he claims that counsel failed to make use of crucial evidence, namely the inconclusive DNA results from the weapons, and the affidavit by Dejuan Kaufman claiming that Owens had no knowledge of or association with the drugs or weapons at issue in the offenses charged. Owens claims that counsel failed to make Owens aware of the Kaufman affidavit. Owens's letter further claims that the December 6, 2006 phone recording of the telephone conversation between Owens and counsel would have revealed that counsel stated that he had never agreed to the supposed twelve-year plea agreement, and that he had failed to show the State the DNA evidence or the Kaufman affidavit in order to negotiate a lower sentence for a plea deal. Owens goes on to claim that the trial court lost the copy of the telephone recording, and that the original recording had been discarded.

{¶13} Owens also attached a copy of Kaufman's March 9, 2006 affidavit, which averred that she had handled and transported all of the weapons and drugs at issue in Owens's case, and that Owens had not been involved. Finally, Owens also attached a copy of a June 26, 2007 letter from the Ohio Department of Rehabilitation and Correction, informing Owens that they had forwarded two copies of the recording to the trial court's office.

{¶14} On February 12, 2010, the trial court overruled Owens's motion, finding that the record did not reflect that the recordings had been received or lost by the trial court. The trial court further noted that Owens's allegations of counsel's misfeasance or malfeasance were, as before, unfounded. On appeal, this court affirmed,

reasoning that the recording alleged to have been lost or destroyed did not constitute evidence that would have been materially exculpatory to Owens's case. *State v. Owens*, 7th Dist. No. 10 JE 5. This court also noted that his claim of ineffective assistance of counsel resulting in an invalid plea argument was barred by res judicata since he had raised the issue in his September 11, 2006 motion to withdraw.

{¶15} On March 22, 2012, Owens filed a pro se renewed motion to vacate his guilty plea sentence. He argued that had he known that some of the offenses carried "mandatory" prison time, he would not have pleaded guilty. Further, he incongruously argued that since some of the other offenses did not carry mandatory prison sentences, the trial court's imposition of an aggregate sentence which exceeded the sentence allowed for those offenses individually resulted in a sentence that was outside the statutory range and, therefore, void. On July 10, 2012, the trial court overruled Owens's motion without a hearing. This appeal followed.

{¶16} The State has not filed an appellate brief in this matter. Therefore, pursuant to App.R. 18(C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶17} Owens's sole assignment of error states:

Whether and when a trial court exceeds statutory requirements when imposing a sentence, the resulting attempted sentence is a mere nullity and void requiring vacation of the void judgment and a new sentencing hearing.

{¶18} On appeal, Owens advances the same arguments he made below. He argues that since the trial court ordered his 12-year sentence to be served as "mandatory time," the sentence is void because some of the offenses for which that sentence included (i.e., fourth and fifth degree felonies) do not allow for imposition of mandatory prison time. He also argues that this affected the knowing, intelligent, and voluntary nature of his plea.

**{¶19}** Owens's argument fails for two reasons. First, res judicata bars successive postsentence motions to withdraw a plea. *State v. Burnside*, 7th Dist. No. 09 MA 179, 2010-Ohio-3158, ¶ 5. The trial court and this court have previously considered and rejected Owens's claims concerning the validity of his plea and sentence.

**{¶20}** Second, the premise underlying his argument is flawed. None of the individual sentences Owens received for each of his convictions exceeded the statutory range. The trial court ordered the sentences for two of the counts to run consecutive to each other but concurrently to all other sentences for an aggregate sentence of 12 years. As this court noted in its previous decision on this matter, because Owens's individual sentences fall within the permissible statutory range for his offenses, they are not contrary to law. *State v. Owens,* 7th Dist. No. 06 JE 50, 2008-Ohio-3071, ¶ 11.

**{¶21}** Aside from the fact that this was an agreed upon sentence, Owens's argument ignores the trial court's discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 19. Also, the trial court's use of the word "mandatory" here to describe Owens's aggregate sentence does not equate to the trial court imposing a mandatory prison term for any one of the individual offenses for which there is not a statutorily required mandatory term. The trial court was simply exercising its authority to impose consecutive sentences which will necessarily result in an aggregate sentence that is longer than a sentence that is permitted for any one of the individual offenses standing alone.

**{¶22}** Accordingly, Owens's sole assignment of error is without merit.

**{¶23}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.