[Cite as *State v. Colvin*, 2016-Ohio-5644.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 15 MA 0162 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DEWAYLYN COLVIN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 11 CR 1338C

JUDGMENT:   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:   Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:   Atty. Timothy Cunning
Scullin & Cunning, LLC
940 Windham Court, Suite 4
Boardman, Ohio 44512

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: August 31, 2016

ROBB, J.

{¶1} Defendant-Appellant Dewaylyn Colvin appeals the judgment of the Mahoning County Common Pleas Court denying his motion to vacate his guilty plea and to declare his sentence void. Appellant states the trial court and the parties overlooked R.C. 2929.13(F)(6), which contains a mandatory sentence requirement for a first-degree felony where the defendant had a prior conviction of a first or second degree felony.

{¶2} Because the trial court did not specify the prison term imposed on count 16 was a mandatory sentence, Appellant believes his sentence is void and asks for resentencing on all offenses. However, application of the void sanctions doctrine is limited by the Ohio Supreme Court. Moreover, the void sanctions doctrine applies only to a facially illegal sentence, but it cannot be ascertained from solely the face of count 16 that the prison term was of mandatory nature. Consequently, Appellant's sentence is not void.

{¶3} Appellant also maintains he was erroneously advised that count 16 carried a nonmandatory sentence, resulting in a violation of Crim.R. 11(C)(2)(a), which requires the court to determine the defendant understands the maximum penalty and his ineligibility for community control. This claim is res judicata since it could have been raised in Appellant's prior plea withdrawal motion. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶4} In December 2011, an indictment was filed against Appellant and five other defendants. Appellant was charged with: second degree felony drug trafficking in counts 4 and 8; first degree felony drug trafficking in counts 9 and 10; third degree felony drug possession in count 11; having a weapon under disability in count 15; and engaging in a pattern of corrupt activity in count 16, a first degree felony. A plea agreement was entered on January 30, 2013. The state dismissed count 4 and amended counts 9 and 10 to second degree felonies. The defendant, who was represented by two retained attorneys, pled guilty to the indictment as amended.

{¶5} The portion of the written plea agreement explaining maximum penalties disclosed the three drug trafficking counts carried mandatory prison terms.

For count 16 (engaging in a pattern of corrupt activity), the agreement disclosed prison was presumed necessary but not mandatory. For the other two offenses, it was explained prison was not presumed nor mandatory.

{¶6}    The sentencing recommendations of each side were set forth in the written plea agreement. Both sides recommended a concurrent sentence on counts 8, 9, and 10 to run consecutive to a concurrent sentence on counts 11, 15, and 16. The state recommended a total sentence between 12 and 14 years, seeking 8 years on counts 8, 9, and 10 plus 4 to 6 years on count 16 (with 24 to 36 months concurrent on counts 11 and 15). The defense asked for 5 mandatory years on counts 8, 9, and 10 plus 4 non-mandatory years on count 16 for a total of 9 years (without specifically mentioning a request as to the sentence for counts 11 and 15, except that they run concurrent).

{¶7}    At the plea hearing, the prosecution reviewed this information from the written plea and advised the court that counts 11, 15, and 16 involved non-mandatory prison time. The court then read the pertinent portion of the plea agreement in order to advise Appellant on the maximum penalties. The court said prison was presumed but not mandatory for count 16, which had a maximum sentence of 11 years, and prison was not presumed or mandatory for counts 11 and 15, which had thirty-six-month maximums. The court also advised:  prison was mandatory on counts 8, 9, and 10; the maximum on those counts was eight times three; and if all sentences were run consecutive, Appellant could face 41 years in prison.

{¶8}    At sentencing, the prosecution provided various examples of when Appellant would be eligible for judicial release depending on what mandatory prison term the court chose for counts 8, 9, and 10 and what non-mandatory prison term the court chose for count 16.[1] The prosecutor noted the defense asked him to place the examples on the record. In seeking a mandatory sentence of five years plus a non-mandatory sentence of four years, defense counsel spoke of the court's opportunity to consider judicial release after 5.5 years. In arguing for its longer recommendation,

---

[1] For instance, adopting the low end of the state's recommendation (12 years, with 8 mandatory plus 4 non-mandatory) would allow judicial release after 8.5 years; adopting the state's high end (14 years, with 8 mandatory plus 6 non-mandatory) would allow judicial release after 13 years.  (Tr. 13).

the state mentioned Appellant's prior conviction of involuntary manslaughter. This offense was also reflected in the pre-sentence investigation ordered by the court prior to sentencing.

{¶9} During imposition of sentence, the court mentioned its consideration of Appellant's eligibility for judicial release but did not describe any term as mandatory or non-mandatory. The court imposed a total sentence of 11 years, with 7 years on counts 8, 9, and 10 plus 4 years on count 16; the court also imposed 36 months on counts 11 and 15 to run concurrent. The court's April 11, 2013 sentencing entry does not describe any prison term as mandatory or non-mandatory. No direct appeal was filed from the conviction and sentence.

{¶10} On September 11, 2013, Appellant filed a pro se motion for judicial release. Appellant thereafter retained counsel (different than original trial counsel). In July 2014, the transcripts of the plea and sentencing hearings were filed in the trial court. On November 10, 2014, Appellant's counsel filed a motion to vacate the guilty plea under Crim.R. 32.1 and a separate motion to vacate the sentence.

{¶11} The plea withdrawal motion alleged: (1) Appellant was under the influence of prescription pain killers throughout the pendency of his case, including at the plea hearing; and (2) his attorney was ineffective by informing him he would receive 4 years if he pled guilty. The trial court overruled this motion on December 17, 2014, finding: there was no reasonable probability Appellant would not have pled guilty but for the alleged misrepresentation; Appellant understood the sentencing recommendation of both sides; he spoke at sentencing and specified he was not under the influence; and there was no manifest injustice.

{¶12} Appellant's separate motion to vacate his sentence argued consecutive sentences were not properly imposed. The trial court overruled this motion on February 26, 2015. Appellant filed notice of appeal on March 27, 2015, resulting in case number 15 MA 50. The docketing statement says both the December 17, 2014 judgment entry and the February 26, 2015 judgment entry were being appealed. On May 8, 2015, this court ruled the appeal would only proceed as to the February 26, 2015 entry. On July 23, this court warned the case would be dismissed if Appellant

did not further prosecute the appeal within 30 days. On September 23, 2015, the appeal in 15 MA 50 was dismissed for failure to file a brief.

{¶13} In the meantime, Appellant retained new counsel who raised different issues in the trial court. On April 8, 2015, this attorney filed another motion to vacate the plea. He sought plea withdrawal due to the failure to advise Appellant that count 16 carried a mandatory prison term due to his prior first degree felony conviction. He urged the misadvisement that count 16 did not carry mandatory prison time violated Crim.R.11(C)(2)(a) and resulted in a plea that was not knowing and intelligent. The motion characterized the mistake as "understandable" in light of the "absurd and unnecessary complexity of the Ohio Revised Code's sentencing laws."

{¶14} This new motion also argued the sentence was void because the court was statutorily-required to impose a mandatory sentence on count 16. The state filed a memorandum in opposition, and the court heard arguments on the motion. On August 26, 2015, the trial court overruled Appellant's motion. Appellant filed this timely appeal.

MANDATORY SENTENCE UNDER R.C. 2929.13(F)(6)

{¶15} In general, a prison term is presumed for a first or second degree felony. R.C. 2929.13(D)(1). Still, the trial court can impose community control if it makes certain findings. R.C. 2929.13(D)(2). The court can only impose community control, however, if the offender is not required to serve a mandatory prison term. R.C. 2929.16(A). A mandatory prison term also affects the ability to seek judicial release. The court can only decrease the offender's non-mandatory prison term through a judicial release; it cannot decrease the mandatory prison term. R.C. 2929.20(A)(1)(a),(B). If there is a mandatory prison term, the motion for judicial release cannot be filed until after the mandatory term is served and a certain time period passes (depending on the length of the non-mandatory time). R.C. 2929.20(C).

{¶16} Count 16 contained the charge of engaging in a pattern of corrupt activity. *See* R.C. 2923.32(A)(1). The offense was a first degree felony because at least one of the incidents of corrupt activity was a third degree felony or higher. *See* R.C. 2923.32(B)(1). A mandatory prison term was not required under the statute

defining the offense. *See id.* (listing certain circumstances requiring a mandatory prison term). However, R.C. 2929.13(F) contains additional directives for imposing a mandatory prison term under various circumstances. *See State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 9 ("R.C. 2929.13(F) addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term."). *See also* R.C. 2929.01(X)(1) (defining a mandatory prison term as one that must be imposed under (F)(1) to (8) or (12) to (18) of R.C. 2929.13).

**{¶17}** Pursuant to R.C. 2929.13(F)(6), the court must impose a prison term where the current offense is a first degree or second degree felony and the offender was previously convicted of a first degree or second degree felony. Specifically, this statute provides:

> (F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20 [judicial release], divisions (C) to (I) of section 2967.19 [80% release[2]], or section 2967.191 [credit awaiting confinement] of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses: * * *

> (6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses[.]

R.C. 2929.13(F)(6).

---

[2] This statute would not apply to Appellant regardless of the mandatory prison term issue as it specifically lists the offense of engaging in a pattern of corrupt activity as a disqualifying offense. *See* R.C. 2967.19(A)(2)(f),(B),(C)(1).

**{¶18}** Appellant points out that the prison term on count 16 is mandatory due to his prior conviction of involuntary manslaughter, a first degree felony. The effect of R.C. 2929.13(F)(6) on the plea is discussed under the first assignment of error. The effect of this provision on the sentence is discussed under the second assignment of error, which we address first.

ASSIGNMENT OF ERROR TWO:  VOID SENTENCE

**{¶19}** Appellant's second assignment of error provides:

"The [t]rial court erred by not imposing a mandatory prison sentence on Count 16."

**{¶20}** Appellant's argument is based upon the eventual label to be affixed to the prison term imposed:  mandatory versus non-mandatory. Appellant states the court's imposition of a non-mandatory sentence on count 16 was *void* as the court had no statutory authority to impose a non-mandatory sentence where R.C. 2929.13(F)(6) required the imposition of a mandatory sentence. He contends the entire sentence on all offenses must be vacated.

**{¶21}** A motion to correct a void sentence can be used to correct a facially illegal sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25. A void sentence can be attacked at any time, and thus issues surrounding it are not barred by the doctrine of res judicata or the timelines for filing post-conviction relief petitions. *Id.* at ¶ 30.

**{¶22}** Still, even where a portion of a sentence is considered void, only that portion of the sentence is void, not the entire sentence. *Id.* at ¶ 26. *See also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7 ("Although we have not previously so stated, generally speaking, our recent cases in this area have dealt with void sanctions, rather than sentences that were void ab initio.") This void sanction doctrine presupposes a valid conviction and does not permit reexamination of all perceived errors in other proceedings prior to sentencing as "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fisher,* 128 Ohio St.3d 92, ¶ 25, 40.

**{¶23}** In addition, the void sanction doctrine is limited to a narrow vein of cases. *Id.* at ¶ 31 ("Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.") Besides applying the doctrine to the failure to impose postrelease control, the Supreme Court has also used the doctrine to find a facially void aspect of a sentence where the court failed to impose a mandatory driver's license suspension and where the court failed to impose a mandatory fine, but not where the court failed to impose mandatory court costs. *See State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432 (failure to impose mandatory fine more closely resembles the failure to impose a driver's license suspension and postrelease control than it does the failure to impose court costs); *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509 (mandatory driver's license suspension analogous to postrelease control as the executive branch cannot impose it if the court failed to do so).

**{¶24}** The Ninth District has ruled a sentencing entry's failure to include the word "mandatory" to describe the prison term required under R.C. 2929.13(F)(6) did not make the sentence void. *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450, ¶ 10. The *Jones* court said it would not extend the void-sentence analysis without clear direction from the Ohio Supreme Court. *Id.* (as the sentences were within the statutory ranges, the absence of the word "mandatory" does not render his sentence void). In a direct appeal, this court adopted the position in *Jones* regarding a court's failure to express that a sentence is mandatory in a sentencing entry. *State v. Rolland*, 7th Dist. No. 12 MA 68, 2013-Ohio-2950, ¶ 27 (while rejecting the defendant's argument that the court failed to inform him of the mandatory nature of the sentence at the sentencing hearing).

**{¶25}** In support of arguing for the extension of the void sanction doctrine to this case, Appellant quotes: "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). The Supreme Court utilized

this quote in its more recent *Ware* case. *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 17.

**{¶26}** In *Ware*, the trial court mentioned at sentencing that the offense carried a mandatory prison term. After announcing a four-year sentence, the court advised the defendant he could apply for judicial release if he changed his ways in prison. The sentencing entry imposed a four-year sentence without labeling it as mandatory. When the defendant later sought judicial release, the trial court changed its sentencing entry in an attempt to impose a four-year sentence with only two years mandatory; the state appealed.

**{¶27}** The Supreme Court held a trial court could not correct a sentence to impose an unexpressed sentence, and in any event, the court could not impose a legally impossible hybrid sentence on an offense requiring a mandatory sentence. *Id.* at ¶ 17, 20. The Court described the trial court's statements about judicial release at the sentencing hearing as mere misstatements, finding the statements did not implicitly change the sentence or impose less than a mandatory term. *Id.* at ¶ 18. The defendant was required to appeal if he believed the court's misstatement revealed an intent to impose a different sentence. *Id.*

**{¶28}** The *Ware* Court found it irrelevant that the original sentencing entry did not refer to the sentence as "mandatory;" even if a nunc pro tunc entry had not been entered, "the prison term would still have been mandatory." *Id.* at ¶ 19. The omission of the word "mandatory" does not imply a legally impossible sentence such as one including non-mandatory time. *Id.* "Even if [the court] wanted to grant judicial release in the future, R.C. 2929.13(F)(5) explicitly prohibited it from doing so." *Id.* at ¶ 14. The entire prison term was mandatory by operation of law. *Id.*, citing R.C. 2929.13(F)(5).

**{¶29}** There is no indication that a mandatory sentence is void if it is not expressly labeled as being "mandatory" during imposition of the prison term at the hearing or in the entry. Notably, the Court quoted R.C. 2929.19(B)(7) as follows: "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term * * * or to include [that fact] in the sentencing entry * * * does not affect

the validity of the imposed sentence or sentences." *Id.* at ¶ 19.[3] The omitted portions of this quote refer to R.C. 2929.19(B)(2)(a) and (b), which provide:

> * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> (a) Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term;
>
> (b) In addition to any other information, include in the sentencing entry * * * the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms * * *

Appellant does not cite these sections or explain how (B)(7) affects his claim.

{¶30} Appellant's voidness argument is based upon his *contention* that the trial court imposed a non-mandatory sentence on count 16. As required for a mandatory sentence, the trial court imposed a prison term of four years for count 16, which lies within the range of available sentences for a first-degree felony. *See* R.C. 2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years."). The trial court mentioned its consideration of judicial release at the sentencing hearing.

{¶31} However, when announcing the sentence, the trial court made no reference to a mandatory or non-mandatory sentence. Nor does the court's sentencing entry refer to a mandatory or a non-mandatory sentence. In fact, the court did not explicitly label the sentence on counts 8, 9, and 10 as "mandatory" at sentencing or in the sentencing entry, and Appellant does not make this argument as to those sentences.

---

[3] R.C. 2929.19 (B)(7) further provides: "If the sentencing court notifies the offender at the sentencing hearing that a prison term is mandatory but the sentencing entry does not specify that the prison term is mandatory, the court may complete a corrected journal entry and send copies of the corrected entry to the offender and the department of rehabilitation and correction, or, at the request of the state, the court shall complete a corrected journal entry and send copies of the corrected entry to the offender and department of rehabilitation and correction."

It does not provide instruction for the situation, as here, where the court does not notify the offender at the sentencing hearing that a prison term is mandatory.

**{¶32}** From the above case law and statutes, we conclude the failure to specifically say a sentence is "mandatory" does not make the sentence, more specifically the sanction, void. This court refused to find a life sentence void where the trial court failed to specify parole eligibility after 20 years. *State v. Brown*, 7th Dist. No. 14 MA 37, 2014-Ohio-5832, ¶ 2, 37 (where the trial court did not attempt to impose life without parole). As the law required parole eligibility after 20 years at the time of the offense, we concluded the trial court's sentence was not void for failing to specify the statutory mandate. *Id.* "The Supreme Court has extended the void sentence exception to only a limited number of circumstances, and this court has expressed that it is disinclined to establish new precedent in other areas." *State v. Moore*, 7th Dist. No. 12 MA 197, 2013-Ohio-4000, ¶ 17. *See also Holdcroft*, 137 Ohio St.3d 526 at ¶ 8 (the exception has been applied sparingly and does not apply to issues with the general sentencing statutes or consecutive sentencing issues).

**{¶33}** In addition, the void sanction doctrine is reserved for cases where there is a facially illegal sentence. *See Moore*, 7th Dist. No. 12 MA 197 at ¶ 16. The sentence here is not facially invalid as it requires reference to prior convictions that were not elements of the offense. That is, facially invalid means one can ascertain the sentence is illegal merely by looking at it. Here, it cannot be ascertained a sentence on count 16 was invalid by merely viewing the sentence. Rather, the determination requires the viewing of Appellant's prior convictions via the presentence investigation report.

**{¶34}** In sum, failing to explicitly label a sentence as "mandatory" in this case did not render the sentence void as alleged by Appellant. A prison term was imposed on count 16; where the term is considered mandatory under R.C. 2929.13(F), this label attaches by operation of law. *See Ware*, 141 Ohio St.3d 160 at ¶ 14. This assignment of error is overruled.

<u>ASSIGNMENT OF ERROR ONE: PLEA WITHDRAWAL</u>

**{¶35}** In contesting the denial of his motion to withdraw his guilty plea, Appellant contends:

"The trial court failed to comply with Crim.R. 11(C)(2)(a)."

{¶36} Appellant contends the trial court did not fulfill its duty under Crim.R. 11(C)(2)(a) to determine Appellant knew the maximum penalty or the fact that he was ineligible for community control. Specifically, Appellant was misadvised that prison was non-mandatory for count 16 via: the written plea agreement; both parties recommendations contained therein; the prosecution's statements at the plea hearing; and the court's advisement at the plea hearing.

{¶37} Initially, we note Appellant was aware he would not receive community control in general as he was advised in the written plea and at the plea hearing that counts 8, 9, and 10 carried a mandatory sentence; in fact, the defense recommended a five-year mandatory sentence on those counts (and the state recommended 8 years as set forth in the plea agreement). He also knew a prison term was going to be imposed on count 16 consecutive to the mandatory sentence imposed on counts 8, 9, and 10. The parties agreed consecutive sentences were appropriate, and the defense was recommending a sentence of five plus four years. Furthermore, Appellant would not have been eligible for judicial release for 13 years if the court adopted the high end of the state's recommendation or 12 years if the court adopted the mid-range recommendation of the state. *See* R.C. 2929.20(C); Plea Agreement; Sent. Tr. 13. With a mandatory sentence on count 16, he would not be eligible for judicial release during his stated prison term of 11 years (7 plus 4). We proceed to analyze Appellant's arguments.

{¶38} Pursuant to Crim.R. 11(C)(2)(a), the court shall not accept a plea of guilty or no contest in a felony case without first addressing the defendant personally and: "Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11 serves to ensure the validity of criminal pleas. In conducting the Crim.R. 11 colloquy, the trial court must convey accurate information so the defendant can understand the consequences of his decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. Generally speaking, a plea that was not knowingly, intelligently, and voluntarily made is invalid. *Id.* at ¶ 25.

{¶39} As Appellant recognizes, a defendant's understanding of the maximum penalty and eligibility for community control involves his nonconstitutional, as opposed to constitutional, rights. *See, e.g., id.* at ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26. The test of substantial compliance governs the evaluation of the non-constitutional rights within Crim.R. 11, whereby the court views the totality of the circumstances to ascertain what the defendant subjectively understood. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12 (rather than the strict compliance test governing the constitutional rights enumerated in Crim.R. 11).

> When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is whether the plea would have otherwise been made. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. A complete failure to comply with the rule does not implicate an analysis of prejudice.

(Citations and quotations omitted). *Clark*, 119 Ohio St.3d 239 at ¶ 32. Thus, just as the defendant need not show prejudice to raise a failure to strictly comply with a constitutional rights advisement, the defendant need not show prejudice to raise a complete failure to comply with a nonconstitutional rights item in Crim.R. 11.

{¶40} In *Sarkozy*, the Supreme Court ruled: "If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *Sarkozy*, 117 Ohio St.3d 86 at ¶ 1 of syllabus. That case involved a presentence motion to withdraw a plea and a direct appeal of the resulting denial and sentence.

**{¶41}** Appellant applies these principles to assert he need not show prejudice, i.e. that he would not have pled guilty but for the misadvisement. He urges the record evidences a complete failure to determine he understood that the sentence imposed on count 16 was mandatory and that he was not eligible for community control on count 16 (which would mean he was not eligible for judicial release). Appellant raises the issue as if this was the direct appeal from his sentence without mentioning the manifest injustice standard contained in Crim.R. 32.1.

**{¶42}** Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In accordance, "a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977) (due to the practical considerations important to the proper administration of justice and the desire to deter a defendant from pleading guilty to test the weight of potential punishment).

**{¶43}** The defendant bears the burden of establishing a manifest injustice. *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985), citing *Smith*, 49 Ohio St.2d at 264. Moreover, the postsentence plea withdrawal motion is addressed to the sound discretion of the trial court. *Id.* It is for the trial court to determine whether the movant's assertions are credible. *Id.* An undue delay in filing the motion is "a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d at 264.

**{¶44}** The state contends Appellant's argument is barred by res judicata. The contested advisements occurred on the record at the plea hearing and the fact of a prior first-degree felony conviction was in the presentence investigation report. The state concludes Appellant is not permitted to raise the matter of advisements on mandatory sentencing now because he could have raised it in a direct appeal of his sentence, citing for example *State v. Reed*, 7th Dist. No. 04 MA 236, 2005-Ohio-2925. In *Reed*, we held a "defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." *Id.* at ¶ 11.

**{¶45}** Other courts have also "applied res judicata to bar defendants from raising claims in a Crim.R. 32.1 postsentence motion to withdraw that they either raised or could have raised in a direct appeal from their judgment of conviction and sentence," including the situation where the court failed to inform the defendant of the maximum penalties involved and that any prison sentence he would receive would be mandatory time. *State v. Mackey*, 4th Dist. No. 14CA3645, 2014-Ohio-5372, ¶ 15-16 (collecting cases), appeal not allowed, 142 Ohio St.3d 1451, 2015-Ohio-1591, 29 N.E.3d 1005.

> Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal.

*State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

**{¶46}** In any event, as further noted by the state, the case before us involves a successive postsentence plea withdrawal motion. "The doctrine of res judicata applies to successive post-sentence motions to withdraw a plea under Crim.R. 32.1." *State v. Owens*, 7th Dist. No. 10 JE 5, 2011-Ohio-1175, ¶ 30, citing *State v. Burnside*, 7th Dist. No. 09 MA 179, 2010-Ohio-3158, ¶ 5.

**{¶47}** Res judicata bars raising "piecemeal claims" in a successive motion to withdraw a guilty plea that could have been raised, but were not, in the first motion to withdraw a guilty plea. *Burnside*, 7th Dist. No. 09 MA 179 at ¶ 5, quoting *State v. Kent*, 4th Dist. No. 02CA21, 2003-Ohio-6156, ¶ 6, and citing *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421 (holding a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod*, 5th Dist. No. 2004 AP 03 0017, 2004-Ohio-6199 (res judicata barred appeal of a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw). *See also State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 17 (collecting cases which

support the holding that a defendant is precluded from raising an issue in a successive motion to withdraw a guilty plea that could have been raised in a prior motion).

**{¶48}** Appellant was represented by retained counsel during his January 2013 plea and April 2013 sentencing. He did not appeal. He later retained different counsel, who filed a motion to withdraw the guilty plea in November 2014; that motion was overruled by the trial court in December 2014. (He also filed a motion to vacate the sentence at that time, which was denied in February 2015.) Appellant then retained yet another attorney, who filed another motion to vacate the plea on different grounds in April 2015.

**{¶49}** Appellant's issue with the misadvisement that count 16 did not require a mandatory prison term could have been raised in the first motion. Application of res judicata in such a situation protects the finality of the judgment of conviction and eliminates the bringing of piecemeal withdrawal motions. Defendants are to be discouraged from filing successive plea withdrawal motions and encouraged to ensure the original motion encompasses all permissible issues. Appellant's latest motion was filed two years after his sentence. This court finds the manifest injustice standard was not established in this case. The trial court's denial of Appellant's successive motion to vacate his plea is upheld.

**{¶50}** For all of these reasons, the trial court's judgment is affirmed.


Waite, J., concurs.

DeGenaro, J., concurs.