[Cite as *State v. Robinson*, 2022-Ohio-82.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :

                                   No. 110358

    v.                                      :

JERMAINE D. ROBINSON,                          :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-613746-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anthony T. Miranda and Gregory Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Michael T. Conway, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Jermaine Robinson, a noncitizen and a native of Jamaica, pleaded guilty to several offenses under a plea bargain agreement and was sentenced to a six-month term of community-control sanctions. After he served the

six-month term of community-control sanctions, he was deported to Jamaica. Two and one-half years after he was sentenced, he filed a motion to vacate his guilty plea. He alleged his trial counsel provided misleading advice about the immigration consequences of his guilty plea and supported his allegation with his own affidavit. The trial court denied the motion. Robinson filed a motion for factual findings and conclusions of law, which the trial court denied. Robinson appealed pro se from the trial court's denial of that motion but failed to timely appeal the denial of his motion to vacate his guilty plea. Even if the appeal of the motion to vacate his guilty plea were timely, Robinson failed to demonstrate that there is a reasonable probability that but for counsel's allegedly deficient advice, he would have insisted on going to trial. Accordingly, we affirm the trial court's judgment.

**Facts and Procedural Background**

{¶ 2} On April 5, 2017, Robinson, age 20 at the time, was indicted for felonious assault, a second-degree felony (Count 1); carrying a concealed weapon, a fourth-degree felony (Count 2); improperly handling a firearm in a motor vehicle, a fourth-degree felony (Count 3); drug trafficking, a fourth-degree felony (Count 4); drug possession, a fourth-degree felony (Count 5); and possessing criminal tools, a fifth-degree felony (Count 6). The offenses appear to be related to a drug transaction that turned violent.

{¶ 3} On February 7, 2018, under a plea agreement, Robinson pleaded guilty to carrying a concealed weapon (Count 2) and drug possession (Count 5). He also pleaded guilty to a reduced charge of aggravated menacing, a first-degree

misdemeanor, in Count 1.  The remaining counts were nolled.  At the plea hearing,

the trial court explained to Robinson the maximum prison term for each of his

offenses and the constitutional rights he would give up by pleading guilty.  Because

he was not a citizen, the court advised him his plea may result in deportation.  The

transcript reflects the following:

> THE COURT: You are hereby advised that a conviction of which you're pleading to may have the consequences of deportation, exclusion from admission into the United States, or denial of naturalization pursuant to the laws of the United States.  Do you understand that?[1]

---

[1] R.C. 2943.031 ("Advice as to possible deportation, exclusion or denial of naturalization upon guilty or no contest plea") states the following:

(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) *may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

(Emphasis added.)

In this connection, 8 U.S.C. 1227(a)(2)(B)(i) provides that

> [a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance * * * other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

THE DEFENDANT: Yes, sir.

(Tr. 6.)

{¶ 4} In addition, Robinson answered "no" when asked if there were promises made to him to induce his plea.

{¶ 5} On March 26, 2018, the trial court held a sentencing hearing. The immigration consequences of Robinson's guilty plea appeared to be a main concern for the parties. The prosecutor stated that there was a note in the case file that the defendant may be facing deportation as a result of this matter, and Robinson's counsel stated the following:

> We would ask the court — you were kind enough to [have] given [us] an extension to begin to make arrangements if immigration should detain him. So at this point, we would ask the court, based on his lack of prior record and the offenses he pled guilty to, if you [would] consider community control sanctions and, again, I think his biggest sanction is going to be with immigration. Thank you.

(Tr. 5.)

{¶ 6} Robinson was then sentenced to six months of community-control sanctions. He did not appeal from his conviction or sentence. After he completed the six-month term of community-control sanctions, he was deported to Jamaica on October 25, 2018.

---

Robinson was charged with possessing more than 200 grams of marijuana in Count 5 of the indictment.

{¶ 7} Two and one-half years after his sentencing, on December 31, 2020, Robinson, pro se, filed a "Motion to Vacate Plea" pursuant to Crim.R. 32.1. He claimed his guilty plea was a result of his counsel's misleading advice. He alleged counsel advised him that the colloquy regarding deportation was an "empty formality" and "should not be taken literally." Robinson claimed he would not have pleaded guilty but for counsel's misrepresentation but attached only his own affidavit to support the claim.

{¶ 8} The state opposed Robinson's Crim.R. 32.1 motion, arguing Robinson pleaded guilty to avoid a prison term and he failed to demonstrate that he would not have pleaded guilty but for counsel's allegedly deficient performance. The state also argued that the motion, filed more than two years after his sentencing, was unjustifiably delayed.

{¶ 9} On February 2, 2021, the trial court denied the motion. On February 5, 2021, Robinson filed a "Motion for Factual Findings and Conclusions of Law." He claimed that the trial court's judgment without factual and legal findings is not a final order. On February 17, 2021, the trial court denied that motion. On March 16, 2021, more than 30 days after the trial court denied his motion to vacate the guilty plea, Robinson filed an appeal pro se. He stated in the docketing statement that he was appealing both the judgment entry denying his "Motion for Factual Findings and Conclusions of Law" and the judgment entry denying his motion to vacate the guilty plea — although he only attached the former entry to the notice of appeal.

{¶ 10} Robinson raises the following two assignments of error on appeal:

The trial court committed a reversible error in denying appellant['s] request for finding of facts and conclusion of law in support of the ruling dismissing a motion to set aside an invalid guilty plea.

Defendant-appellant was deprived of his substantial rights to a fair proceeding[] to wit: (1) where appellant relied upon a material false and misleading advice of counsel in entering a guilty plea; (2) defendant-appellant's guilty plea is unknowing and unintelligent[]; (3) counsel advise [sic] to defendant-appellant that the trial court plea colloquy to defendant about the deportation is not to be taken literally constitutes ineffective assistance of counsel.

## First Assignment of Error

{¶ 11} R.C. 2953.21(D) requires the trial court to make findings of fact and conclusions of law before dismissing a postconviction petition. In contrast, Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law when deciding a postsentence motion to withdraw a guilty plea. *See State ex rel. Chavis v. Griffin* 91 Ohio St.3d 50, 51, 741 N.E.2d 130 (2001); *State v. Hobbs*, 8th Dist. Cuyahoga No. 109706, 2021-Ohio-852, ¶ 15. The trial court did not err in denying Robinson's motion requesting findings of fact and conclusions of law. The first assignment is without merit.

## Second Assignment of Error

{¶ 12} In the second assignment of error, Robinson challenges the trial court's denial of his motion to vacate his plea. We note that the trial court denied the motion on February 2, 2021. That judgment is final and must be appealed within 30 days pursuant to App.R. 4. Robinson did not file an appeal until March 16, 2021, past the 30-day appeal time. There is no authority allowing the 30-day appeal time

from a judgment denying a Crim.R. 32.1 motion to be tolled by a motion for factual findings and conclusion of law, and Robinson failed to request a delayed appeal of the trial court's judgment pursuant to App.R. 5(A).

{¶ 13} *Even if* the appeal had been filed timely, as we explain in the following, the trial court did not abuse its discretion in denying the motion.

**Crim.R. 32.1 Motion**

{¶ 14} Crim.R. 32.1 provides that a trial court may grant a defendant's postsentence motion to withdraw a guilty plea only to correct a manifest injustice. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus, citing Crim.R. 32.1. A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus.

**Ineffective-Assistance-of-Counsel Claim**

{¶ 15} Here, the transcript reflects that the trial court's advisement regarding the immigration consequences of his plea tracked the language provided in R.C. 2943.031. In his motion to vacate the plea, Robinson did not claim that the trial court's advisement was deficient, but rather, alleged that his trial counsel provided misleading information about the immigration consequences of a guilty

plea, specifically, that the trial court's advisement that he may be subject to deportation as a result of a guilty plea was a "formality" only.

{¶ 16} Robinson claims he should be permitted to withdraw his guilty plea because his counsel provided ineffective assistance. To establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial. *See, e.g.*, *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12.

{¶ 17} The only evidence supporting Robinson's allegation that his counsel failed to properly advise him of the deportation consequences of his plea is his own self-serving affidavit. Generally, a self-serving affidavit alone is insufficient to demonstrate manifest injustice. *See, e.g., State v. Norris,* 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 24. Furthermore, the delay in filing a motion to withdraw his guilty plea is "a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bridges*, 8th Dist. Cuyahoga No. 106652, 2018-Ohio-4325, ¶ 9. Robinson did not move to withdraw his guilty plea until more than two years after he was deported, and he provided no explanations for the delay in his affidavit. As such, we agree with the state that Robinson did not present sufficient evidence to demonstrate his counsel provided

ineffective assistance of counsel by misleading him regarding the immigration consequences of his plea.

**Prejudice Analysis**

{¶ 18} *Even if* Robinson's allegation regarding his trial counsel's deficient performance were credible, he still must demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). This demonstration requires more than Robinson's "'*post hoc* assertions * * * about how he would have pleaded but for his attorney's deficiencies.'" (Emphasis sic.) *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 28, quoting *Lee v. United States*, 582 U.S. ___, 137 S.Ct. 1958, 1967, 198 L.Ed.2d 476 (2017)

{¶ 19} Rather, the court considers the totality of circumstances when assessing whether it would be rational for a defendant to go to trial instead of pleading guilty. *Id.* at ¶ 29. The court in *Romero* set forth several nonexhaustive factors for the assessment of prejudice: the consequences of going to trial; the importance the defendant placed on avoiding deportation; the defendant's connections to the United States; and judicial advisement of immigration consequence. *Id.* at ¶ 30-33.

{¶ 20} Robinson did not demonstrate prejudice under the *Romero* factors. Regarding his connection to the United States, Robinson, age 20 at the time of his offenses, stated in his affidavit that he was a permanent resident in the United States

for four years and has three children who are also permanent residents. These ties are significant but not overwhelming in comparison to cases where the court found the ties to be a factor in favor of the defendant. *See, e.g.*, *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, 164 N.E.3d 344, ¶ 20 (the defendant resided in this country for over 30 years), and *Lee* at 1968 (the defendant lived in this country for nearly three decades and was the only family member to care for his elderly parents living in the United States). *Even if* we were to consider the fact that Robinson has three children residing in the United States to evince a strong connection to the United States, it is but one factor in an analysis of prejudice. *Bozso* at ¶ 20.

{¶ 21} Regarding the importance the defendant placed on avoiding deportation, Robinson fails to identify any evidence from the record substantiating his claim that he would not have pleaded guilty had he known he would be deported. His counsel's statement at the sentencing hearing reflects Robinson was aware that his immigration consequences would be severe but nonetheless chose to plead guilty to avoid a prison term; counsel stated, "we would ask the court * * * [to] consider community control sanctions and, again, I think his biggest sanction is going to be with immigration." (Tr. 5.) "When a defendant claims that he would not have entered a guilty plea but for the ineffective assistance of counsel, the prejudice inquiry 'focuses on a defendant's decision making.'" *Bozso* at ¶ 29, quoting *Lee*, 137 S.Ct. at 1966, 198 L.Ed.2d 476. Robinson has presented no contemporaneous evidence to demonstrate that but for his counsel's erroneous advice, he would have made a different decision. *Id.*

**{¶ 22}** Regarding the consequences of going to trial, Robinson was indicted for felonious assault, a felony of the second degree, which alone could subject him to eight years of prison time. Robinson significantly reduced his exposure to prison time by pleading guilty to the reduced charges under the plea agreement. Given that Robinson ultimately avoided any prison sentence, his decision to enter a plea rather than going to trial was not an irrational decision. *Bozso* at ¶ 31. Finally, regarding judicial advisement, the trial court here gave the required advisement pursuant to R.C. 2943.031 and then ensured that Robinson understood the advisement. There is nothing in the record to suggest Robinson did not understand the court's advisement that entering a guilty plea may result in deportation. These two *Romero* factors weigh against a finding of prejudice as well.

**{¶ 23}** Therefore, *even if* the issue were properly before us, the totality of circumstances before the trial court did not establish a reasonable probability that, but for counsel's allegedly deficient performance, Robinson would have chosen to go to trial. Robinson, whose only evidence for the ineffective-assistance-of-counsel claim in his motion to vacate the guilty plea consisted of a self-serving affidavit, fails to meet the burden of establishing the existence of manifest injustice. Accordingly, the trial court did not abuse its discretion in denying his motion. The second assignment is without merit.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR