[Cite as *State v. Waterhouse*, 2022-Ohio-655.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD WATERHOUSE | : | Case No. 2021 CA 00041 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Canton Municipal
                                Court, Case No. 2020 CRB 1805



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               March 7, 2022




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

TARYN A. DOUGLAS                        AARON KOVALCHIK
218 Cleveland Avenue, SW                116 Cleveland Avenue, NW
P.O. Box 24218                          Suite 808
Canton, OH  44701-4218                  Canton, OH  44702

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Richard Waterhouse, appeals the March 12, 2021 judgment entry of the Canton Municipal Court of Stark County, Ohio, denying his motion to vacate his no contest plea.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 5, 2020, appellant was charged with two counts of violating a protection order in violation of R.C. 2919.27(A)(1).  The protection order had been issued by the Court of Common Pleas of Stark County, Ohio, Family Court Division, in Case No. 2020 DV 00018.  On July 13, 2020, appellant, while represented by counsel, pled no contest to one of the counts and the remaining count was dismissed.  The trial court found appellant guilty and sentenced him to one hundred eighty days, one hundred seventy-eight days suspended on the condition of good behavior and compliance with a psychological program.  Appellant received two days of jail time credit.

{¶ 3}   On December 31, 2020, appellant filed a pro se motion to reverse plea, claiming a major injustice.  A hearing was held on March 12, 2021, wherein appellant was represented by counsel.  By judgment entry filed same date, the trial court denied the motion.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA."

I

{¶ 6}   Appellant claims the trial court abused its discretion in denying his post-sentence motion to withdraw his no contest plea.  We disagree.

{¶ 7}   Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  A motion made pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court.  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.  Thus, we review the trial court's decision denying appellant's motion under an abuse of discretion standard.  *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶32.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard.  *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 8}   The standard upon which the trial court is to review a request for a change of plea after sentence has been imposed is whether there is a need to correct a manifest injustice.  *State v. Marafa*, 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶8.  Under the manifest injustice standard, "a post-sentence withdrawal motion is allowable only in extraordinary cases."  *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶60, citing *Smith, supra*.

{¶ 9} A defendant seeking to withdraw a post-sentence no contest plea "bears the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion." *State v. Walsh*, 5th Dist. Licking No.14-CA-110, 2015-Ohio-4135, ¶16, citing *State v. Graham*, 5th Dist. Delaware No. 12 CAA 11 0082, 2013-Ohio-600; *Smith, supra,* paragraph one of the syllabus. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999).

{¶ 10} In his December 31, 2020 pro se motion to reverse his plea, appellant claimed a major injustice and attached numerous exhibits without argument or explanation. During the March 12, 2021 evidentiary hearing, appellant argued his no contest plea was not knowing, voluntary, and intelligent. He argued any protection order he allegedly violated was invalid because he had not been previously convicted of a domestic violence charge against the protected party. In his appellate brief at 10, appellant argues he "simply did not understand the charge of violating a protection order that had been brought against him. Without a full understanding of his charge, he cannot knowingly, voluntarily, and intelligently have waived his Constitutional rights, including his Constitutional right to a trial." He further argues, "[f]ailing to recognize the plea as void constitutes a manifest injustice." *Id.*

{¶ 11} We note appellant's argument that the protection order was invalid because he had not been previously convicted of a domestic violence charge goes to the merits of

the protection order which appellant did not appeal.  Further, a protection order can be issued without a previous conviction for domestic violence.  R.C. 3113.31.

{¶ 12} Appellant argues his no contest plea to violating the protection order was not knowing, voluntary, and intelligent.  The trial court entertained lengthy argument from appellant and his counsel, reviewed the plea colloquy (Exhibit 3), and stated the following (T. at 65-66):

He indicated he was satisfied with his attorney and the explanation and the time to go over the case.  * * * He can believe that the decisions made by the court authorities were wrong and his position should have been accepted.  He continues to disagree with that and he continued - - he disagreed then, he shouldn't be convicted.  But he understood what the charge meant.  He understood what he could be convicted of.  He understood the nature of the potential penalties, and the ability to go to a jury trial.  He had all those appreciations.  Under Rule Eleven I believe he was given the necessary rights for a petty offense, as this was a hundred and eighty day maximum sentence.  He (sic) was explained to him the nature of a no contest plea, the definition of a no contest plea, the waiver of his jury and the ability to have competent counsel.  He accepted all those things and therefore I am going to overrule his motion to withdraw his plea.

{¶ 13} The trial court concluded (T. at 66):

the Court finds that the defendant knowingly, voluntarily and intelligent[ly] entered a no contest plea and denies the motion to withdraw that plea as there's no demonstration of manifest injustice, there's no demonstration that - - of much would change and there's no demonstration sufficient to persuade me that he did not understand what he was doing. He understood the effect of his plea.

{¶ 14} In its March 12 2021 judgment entry denying the motion, the trial court found "the plea of no contest was properly entered and validly made. The defendant was provided with all appropriate instructions under Criminal Rules 5 and 11."

{¶ 15} A review of the record and the plea colloquy supports the trial court's decision. Appellant signed an understanding of rights form (Exhibit 2). During the plea hearing, the trial court went over his rights concerning his no contest plea, and appellant acknowledged he understood those rights and he understood the charge he was pleading to and the possible penalties.

{¶ 16} Upon review, we find appellant's argument that his plea was not knowing, voluntary, and intelligent to be insufficient to demonstrate manifest injustice. The trial court's decision that manifest injustice did not occur is supported by the record and was not unreasonable, arbitrary, or unconscionable. We find no abuse of discretion by the trial court in denying appellant's motion to withdraw his no contest plea made after the imposition of sentence.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Wise, John, J. concur.

EEW/db