[Cite as *State v. Morris*, 2026-Ohio-37.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 114927 |
| RICHARD L. MORRIS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 8, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627807-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney; Daniel T. Van, Assistant Prosecuting Attorney and Supervising Attorney; Owen Knapp, Assistant Prosecuting Attorney; and Arwa Elmashae, Legal Intern, *for appellee.*

Richard L. Morris, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Richard Morris ("Morris"), pro se, is seeking review of the denial of his third motion to withdraw his guilty plea. He raises the following assignments of error for review:

**Assignment of Error I:**

The trial court erred when it denied [Morris's] motion to vacate guilty plea when new evidence was presented to the court that [Morris] received after he took a plea and was sentenced due to the ineffective assistance of counsel.

**Assignment of Error II:**

The trial court erred when it claimed it did not have jurisdiction to rule on [Morris's] motion to vacate his guilty plea pursuant to Crim.R. 32.1, which is in direct contradiction to the Ohio Supreme Court's decision in *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187 (2020).

{¶ 2} For the reasons set forth below, we affirm the trial court.

## I. Facts and Procedural History

{¶ 3} The facts of this case were previously set forth by this court in Morris's delayed direct appeal, *State v. Morris*, 2022-Ohio-1318 (8th Dist.) ("*Morris I*"):

According to the state, Morris engaged in sexual conduct with four victims, at least two of whom "consented" to the sexual relationship but were uninformed of Morris's having tested positive for HIV. The other two victims were a brother and sister who lived with Morris. Morris was involved in a relationship with the sister but also failed to disclose his HIV status despite engaging in sexual conduct. The brother was a juvenile under his sister's care. During the time period in which he was engaging in sexual conduct with the juvenile, Morris attempted to attain custody of the juvenile, although he was already filling a parental-type role.

*Id.* at ¶ 2. On appeal, Morris challenged his guilty plea, claiming that the trial court erred when it denied his "postsentence motion to withdraw his guilty plea without a hearing because of his claimed denial of the effective assistance of counsel during and before the change-of-plea hearing." *Id.* at ¶ 8. Finding no merit to the appeal, we affirmed his convictions and his 23-year sentence. In doing so, we noted that "Morris's attorney engaged in extensive discovery throughout the three-year

progression of the case, and nothing in the record indicates that Morris had a limited time to consider the plea agreement or that his trial counsel was unprepared for trial." *Id.* at ¶ 14.

**{¶ 4}** Following *Morris I*, Morris filed a motion to vacate his guilty plea in February 2024. The State opposed, and the trial court denied the motion in June 2024.[1] Also in June 2024, Morris filed a pro se application to reopen his appeal, claiming that "appellate counsel was ineffective for not advancing 16 proposed assignments of error ranging from ineffective assistance of trial counsel to insufficient evidence to support his convictions." *State v. Morris*, 2024-Ohio-6190, ¶ 1 (8th Dist.) ("*Morris III*"). We denied Morris's application, finding that he failed to establish a genuine issue of appellate counsel's ineffectiveness.

**{¶ 5}** Approximately four months later in December 2024, Morris filed a pro se motion to vacate his convictions, which the trial court construed as a motion to withdraw his guilty plea. Essentially, Morris argued that trial counsel was ineffective for failing to provide him with the entire discovery, and if he was aware of the new evidence he may have been found innocent. Morris supported his claim with several documents, including affidavits from two of the victims. In one affidavit, he contends that the victim stated "they lied about the entire thing." (Morris's motion to vacate convictions, Dec. 17, 2024). The State opposed, and the trial court denied Morris's motion.

---

[1] We note that Morris appealed from the trial court's denial in *State v. Morris*, No. 114211 (8th Dist. Aug. 9, 2024) ("*Morris II*"), which was dismissed as untimely.

{¶ 6} Morris now appeals, for the third time, challenging his guilty plea through two assignments of error for our review.

## II. Law and Analysis

{¶ 7} In the first assignment of error, Morris challenges the denial of his third postsentence motion to withdraw his guilty plea.

{¶ 8} Crim.R. 32.1 provides that a trial court may grant a defendant's postsentence motion to withdraw a guilty plea only "to correct manifest injustice." The defendant who seeks to withdraw a guilty plea after sentencing bears the burden of demonstrating "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "Manifest injustice" has been described as a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), that is evidenced by "an extraordinary and fundamental flaw in the plea proceeding." *State v. Hamilton*, 2008-Ohio-455, ¶ 8 (8th Dist.), citing *State v. Lintner*, 2001-Ohio-3360 (7th Dist.), and *State v. Wheeler*, 2002-Ohio-284 (2d Dist.). As a result, a postsentence withdrawal of a guilty plea is permitted "only in extraordinary cases." *State v. Rodriguez*, 2016-Ohio-5239, ¶ 22 (8th Dist.), citing *Smith* at 264. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *State v. Westley*, 2012-Ohio-3571, ¶ 7 (8th Dist.), citing *State v. Drake*, 73 Ohio App.3d 640, 645 (8th Dist. 1991); *State v. Lambros*, 44 Ohio App.3d 102, 103 (8th Dist. 1988).

{¶ 9} This court has explained that "[p]ostsentence motions to withdraw guilty pleas are not freely granted because that would allow defendants to withdraw

their pleas when unfavorable sentences are received." *State v. Wyley*, 2001 Ohio App. LEXIS 1155, *4 (8th Dist. Mar. 15, 2001), citing *State v. Mushrush*, 135 Ohio App.3d 99, 107 (1st Dist. 1999), citing *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980). "And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59.

{¶ 10} We review the denial of a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Davis*, 2021-Ohio-4015, ¶ 13 (8th Dist.), citing *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *Smith* at paragraph two of the syllabus, and *State v. Francis*, 2004-Ohio-6894, ¶ 32. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 11} Morris argues that his latest motion to withdraw is based on newly discovered evidence, which precludes the application of res judicata. Morris further argues that this evidence was either withheld by trial counsel or trial counsel failed to investigate and obtain this evidence. Consequently, he contends that he demonstrated a manifest injustice because of trial counsel's ineffectiveness.

{¶ 12} We note that a "claim of ineffective assistance of counsel is a valid reason to withdraw a guilty plea if it resulted in a manifest injustice." *State v. Spencer*, 2010-Ohio-1667, ¶ 18 (8th Dist.), citing *State v. Turner*, 2007-Ohio-1346

(2d Dist.). In his motion to withdraw, Morris attached several exhibits that he claims is newly discovered, including a supplement to a 2014 Lakewood police report that addressed a statement from victim-R.H. (Exhibit B) and an affidavit from victim-A.S. (Exhibit F). Other exhibits included a HIV disclosure from R.H. (Exhibit A); a notarized statement from A.S. (Exhibit C); statements from A.S.'s brother (Exhibits D and E); a notary authentication (Exhibit G); a witness statement (Exhibit H); and an affidavit by Morris (Exhibit I). Morris contends that this evidence would have gone toward the credibility of the witnesses and would have provided him with the information he needed to make a proper decision regarding his plea.

{¶ 13} In *Spencer*, we noted that this court has "'allowed an exception to res judicata when a petitioner presents new, competent, relevant and material evidence dehors the record. However, "[e]vidence presented outside the record must meet some threshold standard of cogency * * *." Equally important, as our court has emphasized, "the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it.'" (Internal citations omitted.)" *Id*. at ¶ 20, quoting *State v. Kenney*, 2003 Ohio-2046, ¶ 45 (8th Dist.). "[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." *Smith*, 49 Ohio St.2d 261, at paragraph two of the syllabus.

{¶ 14} The evidence submitted by Morris fails to meet this "threshold standard of cogency." Other than Morris's assertion, there is no indication that the above evidence is "newly discovered" or that this evidence was withheld from him. In fact, these documents were in existence at the time of his guilty plea and could have been raised on direct appeal. Morris's claim that he was unaware of Exhibit B, a 2014 Lakewood police report, does not transform it into newly discovered evidence. Morris fails to establish how this police report regarding R.H. would have changed his decision to plead guilty to seven counts, involving four victims. Furthermore, Exhibit A, a 2014 HIV disclosure by R.H., predates the plea. Exhibit F, a 2021 affidavit by A.S., is undermined by the record of Morris's manipulation of her. We note that the remaining exhibits are either unsworn, hearsay, or self-serving. None of these exhibits can be considered newly discovered evidence. As we stated in *Spencer*, "[e]ven if appellant's supporting affidavits are to be believed, parole is not guaranteed." *Id.* at ¶ 22 (8th Dist.), citing *Papp v. State Adult Parole Auth.*, 2002-Ohio-199 (1st Dist.).

{¶ 15} Moreover, Morris's challenges to trial counsel's effectiveness on the basis of discovery being withheld have been rejected by this court in *Morris I* and *Morris III*. In *Morris I*, we stated: "[U]pon discussing the issue with the trial court on the record, the trial court repeatedly remarked that Morris's attorney undertook extensive discovery review. Tr. 189-198. Morris's conclusory statements to the contrary that lack any analysis or discussion pertaining to the trial court's hearing, consideration, and conclusion on the discovery issue are not sufficient to warrant

further discussion." *Morris I*, 2022-Ohio-1318 at ¶ 10 (8th Dist.). In *Morris III*, we stated: "[t]hese claims of ineffective assistance of appellate counsel are not borne out by the record. During various pretrials, trial counsel stated that he shared all the discovery that he could with Morris and the judge commented on the extensive discovery that counsel undertook. (Tr. 189-198.)" *Id.*, 2024-Ohio-6190 at ¶ 22 (8th Dist.).

{¶ 16} Because Morris's exhibits are not newly discovered, res judicata bars his claims. Furthermore, Morris fails to demonstrate that a manifest injustice has occurred, particularly because he was aware of these exhibits before his guilty plea. This is not the case where "an extraordinary and fundamental flaw in the plea proceeding" occurred. Therefore, we find that the trial court did not abuse its discretion when it denied Morris's motion to withdraw his plea.

{¶ 17} Accordingly, the first assignment of error is overruled.

{¶ 18} In the second assignment of error, Morris contends the trial court erred when it denied his motion to vacate his guilty plea on the basis that it did not have jurisdiction. Morris's contention is not supported by the record. A review of the trial court's entry indicates the court "denied" the motion without stating any findings of fact or conclusions of law. It was within the trial court's province, however, to do so. This court has made clear that a trial court is not required to provide findings of facts and conclusions of law when denying a Crim.R. 32.1 motion. *State v. Robinson*, 2022-Ohio-82, ¶ 11 (8th Dist.).

{¶ 19} Furthermore, Morris's contention that the State, in its brief in opposition, "claimed that the trial court did not have jurisdiction to hear the motion" is also unsupported by the record. (Morris's brief, p. 7.) The State never indicated that the trial court did not have jurisdiction to entertain the motion. Rather, a review of the State's brief in opposition reveals it noted that because Morris's convictions were affirmed by this court, the trial court previously denied a similar motion to vacate on the basis that it was without jurisdiction to hear the motion. The State, however, then proceeded to address the merits of Morris's motion, noting this rationale has been recently questioned.

{¶ 20} Thus, the second assignment of error is overruled.

{¶ 21} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR