[Cite as *State v. Sanchez*, 2026-Ohio-1497.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00134 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Stark County, Case No. 2016CR0957 |
| ANTHONY SANCHEZ, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment:  April 24, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: Kyle L. Stone (Stark County Prosecuting Attorney) & Kameisha J. Johnson (Assistant Prosecuting Attorney), Canton, Ohio, for Plaintiff-Appellee; Anthony Sanchez, Chillicothe, Ohio, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

{¶1}  Defendant Anthony Sanchez challenges a trial-court decision denying his post-sentence motion to withdraw his guilty pleas.  For the reasons explained below, we affirm the judgment of the trial court.

**The Key Facts**

{¶2}  Sanchez was indicted in July 2016 on several felonies of the first, second, and third degree.  In December of that year — while represented by an attorney whom Sanchez had hired in September 2016 — Sanchez pled guilty to the charges.

{¶3}  At the plea-change hearing, Sanchez told the trial judge that his attorney had met with him at the jail and that he — Sanchez — was satisfied with the quality of the legal services that he had received from that attorney.  The trial court accepted Sanchez's guilty pleas, and Sanchez was later sentenced to a lengthy prison term in the case.

{¶4} According to his own affidavit that Sanchez submitted with his August 2025 plea-withdrawal motion, he asked his trial attorney, soon after the sentencing hearing in 2017, to provide a copy of the case file to him. The exhibits attached to Sanchez's motion indicate that he did receive at least a portion of the attorney's case file in July 2017.

{¶5} The August 2025 plea-withdrawal motion was not the first such motion filed by Sanchez in the case. He filed a similar motion in March 2022. In that earlier motion, Sanchez claimed that he had been surprised to learn only after the plea change that he would be required to register as a sex offender (one of the charges was a rape charge), and he alleged in his motion that he had received ineffective assistance of counsel because his trial attorney had failed to advise him about that registration requirement. Sanchez also argued in his 2022 motion that his trial counsel had pressured him into signing the plea agreement despite Sanchez's assertion that he was innocent and wanted to go to trial. The trial court denied Sanchez's first motion in April 2022 after noting that Sanchez had in fact been advised of the registration requirement at the plea-change hearing. We affirmed the trial court's decision in June 2023. *See State v. Sanchez*, 2023-Ohio-2042, ¶ 35 (5th Dist.).

{¶6} In July 2023 Sanchez's sister made a public-records request to the clerk of the trial court and asked for a copy of all documents that had been filed in Sanchez's case. The sister apparently received in response to that request several documents labeled "Discovery Receipt" that listed some items that had been sent by the prosecutor to Sanchez's trial attorney before Sanchez pled guilty.

{¶7} With those additional "Discovery Receipt" documents in hand, Sanchez — according to his affidavit that accompanies his 2025 plea-withdrawal motion — sent

letters in May 2024 and July 2024 to his trial attorney asking to see copies of the discovery-related items listed on those receipts.

{¶8} According to his own and other affidavits that Sanchez filed with the 2025 motion, his girlfriend in July or August of 2024 picked up 16 compact discs from Sanchez's trial attorney and transferred the information on them to a memory stick or flash drive. A different attorney then sent the flash drive to Sanchez in September 2024.

{¶9} Sanchez filed his second motion to withdraw his guilty pleas in August 2025 and again — as he had in his 2022 motion — alleged that he had been denied the effective assistance of counsel in 2016. This time, Sanchez claimed that his trial attorney had withheld discovery documents from him before the plea change and had lied about the strength of the State's evidence in an effort to convince Sanchez to plead guilty. Sanchez attached multiple affidavits from himself and from his sister and his girlfriend, and he included, too, some of the discovery-related documents that he said he had seen for the first time in September 2024 after he obtained what he now believes is his complete case file from his trial counsel.

{¶10} After reviewing these items, the trial court denied Sanchez's motion without holding a hearing. Sanchez now appeals.

**Standard of Review**

{¶11} A Criminal Rule 32.1 plea-withdrawal motion is addressed to the sound discretion of the trial court, and "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). We therefore review solely for an abuse of discretion any trial-court decision denying a Criminal Rule 32.1 motion. *State v. Waterhouse*, 2022-Ohio-655, ¶ 7 (5th Dist.). An abuse of discretion "implies that the

court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Under Criminal Rule 32.1, a trial court may allow a defendant to withdraw his or her guilty or no-contest plea after a sentence has been imposed, but only, the rule says, when that outcome is necessary to correct a "manifest injustice." A defendant who seeks to withdraw a guilty plea after sentencing bears the burden of establishing the existence of that manifest injustice. *Smith* at 264.

{¶13} A manifest injustice "'relates to some fundamental flaw in the proceedings'" that results in "'a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Leftwich*, 2022-Ohio-1153, ¶ 13 (5th Dist.), quoting *State v. Eckley*, 2017-Ohio-8455, ¶ 19 (5th Dist.). A post-sentence motion to withdraw "is allowable only in extraordinary cases." *Smith* at 264.

## The Trial Court Did Not Err By Denying Sanchez's Motion

{¶14} Sanchez faults the trial court for denying his motion, and he argues, too, that the judge should have held a hearing on the motion before issuing any decision.

### *Sanchez's Second Criminal Rule 32.1 Motion is Barred by the Claim-Preclusion Doctrine Because He Could Have Raised His Arguments in His First Motion*

{¶15} An ineffective-assistance-of-counsel claim can be a proper basis for filing a post-sentence motion to withdraw a guilty plea if the defendant meets his or her burden of demonstrating a manifest injustice. *State v. Griffin*, 2023-Ohio-4011, ¶ 17 (7th Dist.); *State v. Howard*, 2019-Ohio-5357, ¶ 41 (2d Dist.).

{¶16} The doctrine of res judicata or claim preclusion, however, "bars successive litigation of issues and events that were or could have been raised in the prior proceedings." *State v. Spencer*, 2010-Ohio-1667, ¶ 11 (8th Dist.). Ohio appellate courts

have applied that doctrine to bar successive Criminal Rule 32.1 motions when the second motion asserts grounds for relief that were or *could have been* raised in the first motion. *Id*. at ¶ 12-13; *State v. McLeod*, 2004-Ohio-6199, ¶ 12 (5th Dist.); *State v. Brown*, 2004-Ohio-6421, ¶ 7 (8th Dist.) ("if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied"); *State v. Owens*, 2011-Ohio-1175, ¶ 30 (7th Dist.) ("The doctrine of res judicata applies to successive post-sentence motions to withdraw a plea under Crim.R. 32.1"). "Res judicata bars raising 'piecemeal claims' in a successive motion to withdraw a guilty plea that could have been raised, but were not, in the first motion to withdraw a guilty plea." *State v. Colvin*, 2016-Ohio-5644, ¶ 47 (7th Dist.).

{¶17} Sanchez first challenged the validity of his 2016 guilty pleas in his March 2022 plea-withdrawal motion. In that motion, Sanchez argued that his trial counsel was ineffective by failing to advise him that pleading guilty to a rape charge would require Sanchez to register as a sex offender. Sanchez claimed, too, that his trial counsel pressured him into signing a plea agreement even though Sanchez at the time wanted to take his case to trial. As we noted above, Sanchez appealed the trial court's April 2022 denial of his motion, and our court affirmed that decision. *See Sanchez*, 2023-Ohio-2042, at ¶ 35 (5th Dist.).

{¶18} Sanchez filed his second Criminal Rule 32.1 motion in August 2025, arguing again that he had been denied the effective assistance of counsel. In his own affidavit that he submitted with that second motion, Sanchez claims that he first requested from his trial attorney the entirety of his case file "a few months after being convicted in 2017" because he had "never viewed it." Some other documents that were attached as exhibits

to Sanchez's second motion indicate that Sanchez had received by mid-July 2017 at least some of the discovery materials that were sent to his trial counsel by the State when his case was pending in the trial court.

{¶19} In July 2023 — approximately six years after Sanchez received the first set of documents from his trial counsel — Sanchez's sister filed a public-records request seeking copies of all documents filed with the court in Sanchez's case. His review of those responsive documents, Sanchez says, led him to realize that his trial attorney had not shown to and discussed with him all of the discovery-related items in the attorney's possession in 2016 before the plea change.

{¶20} Sanchez received the allegedly missing discovery materials from his trial attorney in September 2024, and he claims that he saw then for the first time several pieces of evidence that would have prompted him to reject a plea deal and take his case to trial. He also contends that the documents were not consistent with his trial counsel's 2016 assertions that Sanchez's DNA tied him to the crimes and that one of the alleged victims had seen Sanchez at the scene.

{¶21} Although Sanchez argues that he could not have raised his latest ineffective-assistance allegations in his March 2022 motion, he offers no explanation for his decision to wait six years — from July 2017 until August 2023 — to resume his efforts to obtain his discovery materials, and his motion does not point to any barriers that would have precluded him from obtaining the case-file materials from his trial counsel before he pled guilty, let alone before he filed his first plea-withdrawal motion in March 2022. We note, too, that his sister made her 2023 public-records request the month after our court affirmed the trial court's decision denying Sanchez's first motion.

**{¶22}** We view Sanchez's successive Criminal Rule 32.1 motions as the type of "piecemeal claims" that are barred under the doctrine of claim preclusion. Sanchez asserted ineffective assistance in his first motion, and it was not until after that motion was unsuccessful that Sanchez sought out additional grounds to support a second ineffective-assistance argument.

### Sanchez Has Not Presented Newly Discovered Evidence

**{¶23}** Though Sanchez says that his second motion is based on information unavailable to him when he filed his first motion, we are unpersuaded by his argument that claim preclusion should not apply.

**{¶24}** While courts have recognized an exception to the claim-preclusion doctrine where a petitioner in a second motion "'presents new, competent, relevant and material evidence'" from outside the record, that evidence "'must meet some threshold standard of cogency.'" *Spencer*, 2010-Ohio-1667, at ¶ 20 (8th Dist.) (finding that the trial court was permitted to discount the self-serving affidavits submitted by the defendant in support of his Crim.R. 32.1 motion), quoting *State v. Kenney*, 2003-Ohio-2046, ¶ 45 (8th Dist.). And to avoid the application of claim preclusion to a second motion, a defendant must point to evidence that was not "in existence and available for use at the time of trial." *Spencer* at ¶ 20, quoting *Kenney* at ¶ 45.

**{¶25}** All of the discovery materials that Sanchez claims he obtained in 2024 were in existence before he entered his guilty pleas, and Sanchez's claim that he was unaware of some of those items in 2016 "does not transform [them] into newly discovered evidence." *State v. Morris*, 2026-Ohio-37, ¶ 14 (8th Dist.) ("Morris's claim that he was unaware of Exhibit B, a 2014 Lakewood police report, does not transform it into newly discovered evidence"). *See also State v. Harris*, 2024-Ohio-2993, ¶ 25 (5th Dist.) ("The

affidavit and the search warrant, which Harris claims that his trial attorney was unaware, were issued in 2017. The search warrant and the affidavit were available in 2017 and cannot be considered newly discovered evidence").

{¶26} Further, when the trial judge asked Sanchez at his plea-change hearing if he was satisfied with the quality of legal representation that he had received from his attorney, Sanchez answered that he was. Sanchez also confirmed that his attorney had visited him at the jail. If Sanchez's trial attorney did falsely say to Sanchez that the State had found Sanchez's DNA at a crime scene that Sanchez now says he never visited, and if Sanchez wanted then to review his case file, he could have said so on the record at the plea-change hearing.

{¶27} For these reasons, we conclude that Sanchez's second Criminal Rule 32.1 motion is barred by the claim-preclusion doctrine.

### *Even if Sanchez's Motion Was Not Barred by Claim Preclusion, His Assertions Are Contradicted by the Record, and He Has Not Shown a Manifest Injustice*

{¶28} Even were we to embrace Sanchez's view that claim preclusion does not bar him from pursuing his second motion to withdraw his guilty pleas, he has still failed to carry his burden of showing that a manifest injustice occurred.

{¶29} The only evidence he submitted in support of his assertion that he did not learn until 2024 that his trial counsel had lied to him in 2016 and had withheld discovery materials from him are Sanchez's own self-serving affidavits and some unauthenticated copies of what he claims are some of the discovery documents that he obtained in 2024. These items offer no convincing support for a manifest-injustice finding. *See State v. Norris*, 2019-Ohio-3768, ¶ 24 (8th Dist.) ("A self-serving affidavit by the moving party, in and of itself, is generally insufficient to demonstrate manifest injustice"); *Spencer*, 2010-

Ohio-1667, at ¶ 23 (8th Dist.) ("In an effort to show the additional injustice required in the above cases, appellant also argues that the weapon seized from him when he was arrested did not ballistically match the murder weapon, contrary to what his attorney had informed him. He attached an unauthenticated report to his motion, which he purports shows that the ballistic tests did not match. Again, appellant fails to demonstrate that a manifest injustice has occurred, even if this document were what appellant purports it to be").

{¶30} Though Sanchez claims in his motion that his trial attorney did not answer Sanchez's phone calls, did not visit Sanchez at the jail, did not discuss discovery materials with Sanchez, lied about the State's evidence, and forced Sanchez to enter guilty pleas, those allegations are contradicted by the record. At his plea-change hearing, Sanchez told the trial judge that his attorney had met with him and had visited him at the jail. And when he was asked whether he was satisfied with the quality of legal services that he received from his attorney, Sanchez answered "yes, ma'am." *See State v. Winters*, 1998 Ohio App. LEXIS 3552, *4 (5th Dist. July 20, 1998) ("The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradicts the record").

{¶31} As for Sanchez's argument that the trial court should have held a hearing before denying his motion, "[t]he trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Makupson*, 2007-Ohio-5329, ¶ 21 (8th Dist.), quoting *State v. Russ*, 2003-Ohio-1001, ¶ 12 (8th Dist.).

{¶32} As explained above, the only evidentiary support that Sanchez submitted were affidavits from himself, his sister, and his girlfriend, plus some documents that he

now claims he never saw before entering a guilty plea. The trial court did not abuse its discretion in deeming those documents insufficient to warrant a hearing on Sanchez's motion. *See State v. Brown*, 2006-Ohio-3266, ¶ 13 (10th Dist.) ("even if the doctrine of res judicata did not bar all of appellant's claims, his own self-serving declarations of coercion would not be enough to show manifest injustice . . . The voluminous record in this case clearly shows the trial court's knowledge of appellant's repeated attempts to make similar claims").

{¶33} For the reasons explained above, we affirm the judgment of the Court of Common Pleas of Stark County. Costs are to be paid by Appellant Anthony Sanchez.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.